MARY C. FARNSWORTH *vs.* CITY OF ROCKLAND.

Knox.    Opinion June 1, 1891.

*Deed. Boundary. Way. Use. Damages. R. S., c. 18, § 95.*

The statute which declares that when buildings, which have for more than twenty years fronted upon a public way or street shall be deemed the bounds thereof, means that portion of the building which rests upon the ground, and does in fact bound and limit the way, and not the cornices or other projections which far above the heads of travellers may happen to overhang the sidewalk.

When land is conveyed by deed and a building is one of the boundaries, the parties are presumed to intend that such line shall be wholly on one side of every portion of the building. But, in the case of a right of way, even if created by express grant, it is not an unreasonable presumption that it was intended to extend under the projecting finish of a building.

The owner of land over which a public way passes has the right to occupy the land above and below its surface to any extent that will not impair its usefulness for a way. The public must not be made to suffer any real inconvenience, nor should the owner be deprived of any such reasonable use of his land as will not incommode the public.

The plaintiff was the owner of a building, which for more than thirty-five years had fronted on the street, and was conceded to be one of its boundaries. In proceedings taken by the city for the widening of the street, under which the plaintiff was compelled to move the building back, *Held*; that in order to ascertain the amount of land so taken, and for which damages should be allowed, the measurement should commence on a line with the side of the building, and not on a line with the cornice on the gable-end of the building which projected beyond it into and over the street.

ON EXCEPTIONS.

This was an appeal by complainant from an award of damages in a proceeding by the city of Rockland to locate and establish the bounds of Main street in said city, which had never been legally established.

The complainant owned a lot of land on the west side of said street on which a building had been erected and which had remained in the same location and condition for at least thirty-five years. The walls of said buildings were not on a line with the walls of the adjoining buildings on either side of it, but projected fourteen and one half inches further toward said street, though the eaves or gable-end finish of said building did not extend further into or toward said street than the eaves of the

other adjoining buildings on the same side. The city of Rockland had, during all said time, maintained a sidewalk clear up to said face-wall and up to the sill of said building.

The city contended that the complainant was not entitled to recover for any part of the land over which said gable-end finish projected, while the complainant claimed to recover for all the land included in a perpendicular line from the outer end of said gable-end finish. The land taken upon the theory of the city, was a strip averaging fourteen and one half inches in width and about thirty feet long. Upon the theory of the complainant the strip was twenty-two inches in width, and about thirty feet long. Upon this point the presiding judge instructed the jury as follows :

"I instruct you as a matter of law, that wherever those eaves would fall on the sidewalk, there is the outside line of her land. They have been standing there thirty-five years as I understand the testimony, and while, if it was not for the statute, she could not obtain any title to that land simply in that way, the statute makes that hers for all practical purposes, inasmuch as the building has stood there for that number of years. How far then does the line go inside of the building or through it? I understand the testimony to show, that it is about fourteen and one half inches, that only including from the outside wall. Now you would add to that the width of the projecting finish of the building, and that would be the width of the land taken, and the length by taking it up and down the street. In that way you would get the number of square feet, which would be fifty-six or fifty-seven square feet."

To this ruling and instruction exceptions were taken by the defendant. The damages assessed by the city were $400.00 and those allowed by the jury, $506.25.

*E. K. Gould, C. E. Littlefield* with him, for defendant.

(1.) If the rights of the parties are to be determined upon the principles that apply between private parties, the assumption most favorable to the complainant, the boundary of Main street, by sufficient user, is the end wall of the building of complainant; and if by projecting her eaves over the street

complainant has acquired any rights, at most it is an easement to project from her building a gable-end, as now built, over the street, which would undoubtedly allow her to continue the same projection of gable, if the building is moved back bodily to the new line of the street, or if the end is torn down and reconstructed on a new line.   Like an easement of a right of way, it is not material as to the exact geographical location the easement is enjoyed, so long as the same easement is enjoyed.   If a right of way is obstructed or closed, temporarily or permanently for any purpose, the owner of the easement enjoys the full right when he uses a way in some other equally convenient place.   So the complainant would enjoy as well her whole rights as to the gable of the building whether it projects over the street where it now stands or projects, in the same manner and for the same purpose, fourteen and one half inches further back.   Over just what precise locality in the street she exercises this easement is of no consequence so long as it can be freely exercised.

(2.)   If the other rule applies, and the legal principles involved between the public, using land for a street, and the abutting owners having the exclusive title to the soil, and all rights over and below the soil, not inconsistent with the public use, then it is clear that in projecting this gable over the street complainant was in the exercise of her legal rights, of which the city could not complain and which it necessarily follows they do not and cannot invade by any taking of a strip off the front end of this lot ; and that when the building is moved back, or its end reconstructed, the complainant can exercise the same right of projecting this gable-end, and of its exercise the city cannot complain.

Counsel cited : Dill. Mun. Cor. § 1012, and note ; Stat. 1885, c. 482, § 19 ; *Lawrence* v. *Mt. Vernon*, 35 Maine, 100 ; *Hinks* v. *Hinks*, 46 *Id.* 423 ; *Millett* v. *Fowle*, 8 Cush. 150 ; *Carbrey* v. *Willis*, 7 Allen, p. 371 ; *Sherman* v. *Williams*, 113 Mass. p. 484 ; *Bloch* v. *Pfaff*, 101 Mass. p. 539 ; *Randall* v. *Sanderson*, 111 Mass. p. 119 ; *Keats* v. *Hugo*, 115 Mass. p. 204 ; Wash. Ease. (4th Ed.) pp. 430, 535 and notes ; *Dunham* v. *Gannett*, 126 Mass. p. 154 ; *Holbrook* v. *McBride*, 4 Gray, 215 ; 2

Smith Lead. Cas. (8th Ed.) p. 167 ; *Stinson* v. *Gardiner*, 42 Maine, p. 254 ; *O'Linda* v. *Lothrop*, 21 Pick. p. 297 ; *Richardson* v. *Pond*, 15 Gray, 390 ; High Inj. § 824 ; *City of Phila. Appeal*, 78 Pa. St. 33.

*Mortland and Johnson*, for complainant.

WALTON, J. The Revised Statutes, chap. 18, § 95, provide that, "when buildings or fences have existed more than twenty years fronting upon any way, street, lane, or land appropriated to public use, the bounds of which can not be made certain by records or monuments, such buildings or fences shall be deemed the true bounds thereof."

The plaintiff owns a building which for more than thirty-five years has fronted on one of the principal streets in the city of Rockland, and it is conceded that it must now be regarded as one of the boundaries of the street. But it is not on a line with the adjoining buildings, and the city has taken measures to compel her to move it back. It is conceded that she will be entitled to damages, and the only question is how much.

The plaintiff contends that in order to ascertain the amount of land taken for the widening of the street, the measurement should commence on a line with the cornice on the gable-end of the building. The city contends that the measurement should commence on a line with the side of the main building.

The cornice projects about eight inches ; and if the plaintiff's method of measuring is adopted, she will be entitled to compensation for a width of twenty-two and a half inches. If the city's method is adopted, she will be entitled to compensation for a width of only fourteen and a half inches.

We think the city's method is the correct one. For more than thirty-five years the city has maintained a sidewalk close up to the side of the building. The exceptions so state. The side of the building, and not the projecting cornice of the roof, has, during all that time, in fact bounded the street. And the street has in fact been widened only fourteen and a half inches. And the plaintiff will be obliged to move her building no more than that. For that amount of land she is undoubtedly entitled to

recover compensation, and we fail to discover any reason why she should recover compensation for a greater width than that. It may be true, as she contends, that when a building is the boundary of land conveyed by deed, the boundary is the outermost portion of the building.

In *Millett* v. *Fowle*, 8 Cush. 150, the court held that, where a deed described one of the boundaries of the land as four feet from the " northerly side" of a building, the boundary was four feet from the extremest part of the building, which in that case was the edge of the eaves.

But in this State, in *Calais* v. *Bradford*, 51 Maine, 414, where a deed described one of the boundaries as eight feet four inches from the "south side" of a building, the court held that the measurement should be made from the corner board on the side of the building.

These decisions are in conflict. They can not be reconciled. In each case the measurement was to commence at the "side" of the building. In the one case, the court held that that meant at the edge of the eaves. In the other, at the boarding on the side of the building.

But it is unnecessary to determine which is the more sensible conclusion; for we are not now bounding land, we are bounding a right of way. Presumptively the plaintiff owns the land to the centre of the street. But the exceptions state that for over thirty-five years the city has maintained a sidewalk close up to the sill of the building, and its right to that portion of the way which is under the overhanging cornice of the roof is as valid as its right to any other portion of the way.

The building is two stories high, and the cornice is on the gable-end of the building, and projects only about eight inches. Similar projections are very common. Not only cornices, but small balconies and bay-windows, often overhang sidewalks. And if they do not in any way interefere with or incommode the public travel, such structures are not unlawful. The owner of land over which a public way passes has a right to occupy the land above and below its surface to any extent that will not impair its usefulness for a way. Of course, a bay-window, or a

balcony, or a cornice even, may be so low down, and project so far into a street, as to obstruct or incommode the public travel; and in such a case, the structure would be a public nuisance, and its removal could be compelled.    But an eight-inch cornice on the gable-end of a two story building could never be so regarded.    And whether in any particular case such a structure is or is not a nuisance is to be decided in the exercise of sound practical common sense, and not on merely imaginary or theoretical grounds.    The public must not be made to suffer any real inconvenience, nor should the owner be deprived of any such reasonable use of his land as will not incommode the public.

The difference between land when bounded by a building, and a way when thus bounded, is very obvious.    When land is bounded by a building, it would be unreasonable to assume that the parties to the conveyance intended that the main portion of the building should be on one side of the line, and the cornices, and other projecting finish, on the other.    Hence the rule that, in such a case, the line shall be regarded as wholly on one side of every portion of the building.    Not so a right of way.    There is nothing unreasonable in the assumption that a mere right of way, even if created by an express grant, was intended to extend under the projecting finish of a building.    Hence, the rule invoked by the plaintiff is not applicable; and especially not applicable, when, as in this case, the right of way is acquired by adverse use, and not by express grant.    In the class of cases, where the extent of the way is determined by the use, its extent is necessarily co-extensive with its use.    At least, such is the general rule; and there is nothing in this case to take it out of the general rule.

If we should adopt the construction of the statute for which the plaintiff contends, and hold that all the bay-windows, and balconies, and cornices, which have for twenty years overhung our sidewalks, have become the boundaries thereof, we should have some very crooked and jagged side lines, and it would be difficult for our street commissioners to determine to what width it would be their duty to keep them in repair.    We do not think

the statute can be rightfully so construed. We think that when it declares that buildings which have for more than twenty years fronted upon a public way or street shall be deemed the bounds thereof, it means that portion of the building which rests upon the ground and does in fact bound and limit the way, and not the cornices or other projections which, far above the heads of travelers, may happen to overhang the sidewalk.

As the construction of the statute contended for by the plaintiff was sustained by the court at the trial in the court below, it is the opinion of the law court that the exceptions must be sustained and a new trial granted.

*Exceptions sustained.*

PETERS, C. J., VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.