WELLS et al. v. VILLAGE OF CROTON ON HUDSON.

(Supreme Court, Special Term, Westchester County. October 3, 1910.)

1. HIGHWAYS (§ 89*)—STREETS—ABUTTING OWNERS — RIGHT TO LAY WATER PIPES.

In the absence of statute, the abutting landowners, who own the fee in a public highway, may lay water pipes therein to convey water to dwelling houses, etc.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 292–296; Dec. Dig. § 89.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. DEDICATION (§ 53*)—IMPLICATION—EFFECT—FEE OF LAND.

Where there was no express dedication of land for a public highway, but the public authorities assumed control of it, and worked and used it as such, the public acquired merely an easement, leaving the fee in the abutting owners, so that such owners could lay water pipes below the surface to supply dwellings.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. § 96; Dec. Dig. § 53.*]

3. HIGHWAYS (§ 95*)—STATUTE—COMMISSIONER OF HIGHWAYS—POWERS.

Under the highway law of 1847, providing that the commissioners of highways should describe and record roads laid out, but not sufficiently described, their powers are limited to the description of the road, taken subject to the rights of the owners of the fee, and can neither enlarge nor restrict its boundaries.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 95.*]

4. HIGHWAYS (§ 89*)—STATUTE—WATER PIPES LAID BY PRIVATE PARTIES—RIGHTS OF OWNERS.

The statute (Laws 1873, c. 64) authorizing the highway commissioners to permit residents to lay water pipes in the public roads to supply dwellings, and Laws 1890, c. 568, § 14, authorizing the commissioners to give such permit upon written application, do not affect the rights of the owner of the fee in a highway to a water pipe laid prior to the enactments; no reference being made therein to pipes already laid.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 89.*]

5. MUNICIPAL CORPORATIONS (§ 690*)—WATER MAINS—LICENSE—REVOCATION.

If it be deemed that a town impliedly consented to water pipes being laid in a public street by the owner of the fee, yet, after such pipes had been used for 60 years, such consent could not be revoked.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 690.*]

Action by Annie V. R. Wells and others against the Village of Croton on Hudson. Judgment for plaintiffs.

Cyrus W. Horton, for plaintiffs.
Nathan P. Bushnell, for defendant.

TOMPKINS, J. This action was tried before me on the 27th day of July, 1909, but the testimony, exhibits, and briefs of counsel were not submitted until about a year thereafter, and only a short time before my summer vacation, and that accounts for the long delay in the decision of the case.

The defendant is a village corporation of the third class, created in 1898, under the general village law. The plaintiffs are descendants of Stephanus Van Cortlandt, who acquired the lands that embrace the public streets, the spring, and the premises owned by the plaintiffs hereinafter referred to, by purchase from the Indians, which lands were in 1697 created into the manor of Cortlandt by King William III, and the greater portion of the lands now abutting on the public street known as "Mt. Airy road" or "Grand street," together with the spring of water involved in this action, were vested in the survivors of the said Stephanus Van Cortlandt, down to and including Philip G. Van Wyck, who was a nephew and adopted son of Philip Van Cortlandt, who died in 1831, leaving his estate to be divided between his nephews, Philip G. Van Wyck and Pierre Van Cortlandt. The plaintiffs are

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

children and grandchildren of said Philip G. Van Wyck, who died in 1870, and the plaintiffs, their grantees and assigns, and the grantees and assigns of the said Philip G. Van Wyck, are now the owners of the major part of the abutting land on said highway or street in said village, known as "Mt. Airy road" or "Grand street," in and through which street or road the said Philip G. Van Wyck, some time prior to 1848, laid iron pipes to carry water from the said spring, which was situated on the side of the said Mt. Airy road, for the purpose of supplying water to the houses owned by the said Van Wyck and his grantees and tenants. Ever since said water pipes were laid, more than 60 years ago, they have been used and are now used by the plaintiffs and their predecessors in title, and by their grantees and tenants, for the purpose of carrying the water from the said spring to their respective lands abutting upon the said highway.

The street known as "Mt. Airy road" was originally a part of the land owned by the said Van Cortlandt, and later by his nephew, Philip G. Van Wyck. The longest recollection of the plaintiffs' oldest witness was that the street had been used as a public thoroughfare for 60 years, and that during all of that time the water pipes in question were laid in the said street, and carried water from the said spring to the abutting lands, owned by the said Van Wyck and his grantees and descendants.

The defendant now threatens to take up and remove the said water pipes, and thereby deprive the plaintiffs of their sole supply of water to nine dwelling houses owned by them along and abutting upon the said highway, and this action is brought by the plaintiffs to restrain such threatened action by the defendant. There is no public water system in said village. It is admitted—at least, it is not disputed—that the street in question has been opened and used by the public for more than 60 years, although there is no town or other record of any dedication or acceptance thereof, nor is there any record of the laying out of such highway, and since at least 1849 the said water pipes have rested beneath the surface of the said street, and carried water to the dwelling houses and other buildings upon the lands owned by the plaintiffs and their predecessors in title, and it is likewise admitted that the fee of the said street was originally owned by the plaintiffs' predecessors in title, and has never been conveyed to or acquired by the town of Cortlandt, in which town the said highway was located before the defendant was incorporated; nor has the defendant become the owner of the fee of the said highway.

Subsequent to the laying out of the said highway by Philip Van Wyck or his predecessors in title, and the placing of the said water pipes therein by the said Van Wyck, for the use of himself and his tenants and assigns, he made certain conveyances of land abutting on said street, in which he asserted his ownership to the said spring, the fee of the said street, and the water pipes therein, and since his death his heirs, devisees, executors, and assigns, including the plaintiffs, have continued to claim the ownership thereof.

The questions presented by the issues in this action are:

First. Is the spring and are the water pipes an illegal obstruction or incumbrance to said highway and the public easement therein?

Second. Did the defendant, upon its incorporation as a village, take over the said street subject to the burden of the said water pipes, and the right of the plaintiffs to maintain said water pipes in said street, or has the village the right to remove them therefrom? ·

As to the spring, it came down to the plaintiffs from their common sources of title, Van Cortlandt, and was owned by them until 1906, when they conveyed it to one R. W. Tryme, reserving, however, to themselves and their assigns the right to use the water from the said spring as it flows through the said water pipes; and the evidence of the plaintiffs' witnesses and the measurements of the highway made in my presence at the time of the trial, as well as my observation of its location with respect to said highway, made with the consent and in the presence of the parties and their attorneys, establish the fact that it is not within the said highway, nor an encroachment thereupon, or an obstruction thereof. On the contrary, it is altogether on one side of the highway, and entirely clear of the beaten track or traveled part thereof, leaving the highway entirely clear of the said spring more than two rods in width.

The water pipes in question are two or more feet under ground, and do not interfere with the use of the surface of the street by the public. The defendant's claim is that, under the village law and the town law as it was in force before the defendant was incorporated, water pipes could not be laid in a public street without the consent of the municipality, and that there is no proof of such consent, and, if the consent of the town is to be implied, that such consent is now revocable by the village.

It was not until 1873 that there was a statute (Laws 1873, c. 64) authorizing the town authorities to give permission to a resident to lay and maintain water pipes within the bounds of a public highway, for the purpose of supplying a dwelling house or farm premises with water. Prior to that time there was no statute on the subject, and 'under the common law the owner of property abutting on a public highway, who owned the fee thereof, had a right to lay water pipes under the surface of the street, for the purpose of carrying water to his dwelling house or farm property; and the plaintiffs' grantees, while owning the spring and the fee of the highway in question, and the property abutting thereon, had a lawful right to lay the pipes in question from the said spring, through and under the surface of the said street, to their respective properties; and when the town of Cortlandt, without an express dedication and acceptance of the said street as a public highway, assumed control of it, and worked and used it, said town and the public acquired only an easement therein, and the right to use it as a public highway, and the fee remained unimpaired in the owners of the land, who were the plaintiffs' grantors. People et al. v. Kerr, 27 N. Y. 188; 3 Kent, Com. §§ 432, 433; Bloomfield Gaslight Co. v. Calkins, 62 N. Y. 386; Robert v. Sadler, 104 N. Y. 229, 10 N. E. 428, 58 Am. Rep. 498; Eels v. A. T. & T. Co., 143 N. Y. 133, 38 N. E. 202, 25 L. R. A. 640.

Besides, I think it must be assumed that the town of Cortlandt consented to the laying of the pipes. At all events, the town acquiesced therein for a long period of years, and, neither the town nor the village

having acquired the fee of the street, it must be held that the dedication thereof for highway purposes was subject to the grantor's right to lay and maintain the said water pipes under the surface of the said street. There was no formal or express dedication, neither was there any act of laying out, or acceptance thereof, by the town authorities; nor does it appear which was first in point of time, an implied dedication for highway purposes by the former owners, or the laying of the water pipes. So that it seems to me that, whatever dedication there may have been of the land for highway purposes, it was subject to the pipes that had already been laid, or subject to the right of the grantors to lay and maintain them.

In the case of City of Cohoes v. D. & H. Canal, 134 N. Y. 397, 31 N. E. 887, our Court of Appeals said:

"In the absence of an actual conveyance, the owner does not part with the title to his land, but only with the right to possession, for the purpose of a highway. * * * An offer to dedicate land for the purpose of a highway may be qualified or made subject to a certain burden, and if it is accepted cum onere the burden continues, but the land becomes a highway notwithstanding."

The use by the plaintiffs of the highway in question for the carrying of their water pipes, is not inconsistent with the full and complete use of the land in question by the public for highway purposes, and does not interfere with the public easement therein. If the commissioners of highways of the town of Cortlandt had proceeded under the highway law as in force long prior to 1847 to lay out and record this strip of land as a town highway, they could have done no more than to describe and enter it in the town clerk's office in the condition that it was in at the time. That highway law made it the duty of the commissioners of highways "to cause such of the roads used as highways as shall have been laid out, but not sufficiently described, and such as shall have been used for twenty years, but not recorded, to be ascertained, described and entered of record in the town clerk's office." And while this provision of the statute was not complied with, as far as the town clerk's records show, yet, if it had been, the highway commissioners would have been limited to ascertaining and describing the boundaries of this road, as it had been in actual use for the 20 years preceding, and they could not have altered or enlarged its boundaries, and would have taken it subject to the existing lawful rights of the owners of the fee.

It has already been noticed that prior to 1873 no permission was necessary for the laying of private water pipes in the public highways of the town. In that year an act was passed by the Legislature authorizing highway commissioners of a town to grant permits to residents of their districts to lay and maintain water pipes within the bounds of a public highway, for the purpose of supplying dwelling houses and farm premises with water. Nothing is said in this act concerning pipes that had already been laid. In 1890 chapter 568 was enacted, providing (section 14):

"The commissioners of highways may, upon written application of any resident of their town, grant written permission to lay and maintain water pipes and hydrants under ground within the portion therein described, of any highway within the town, but not under the travelled part of the highway, except

across the same for the purpose of supplying premises with water, and upon condition that such pipes and hydrants shall be so laid as not to interrupt or interfere with the public travel upon the highway, and the applicant shall replace all earth removed, and leave the highway in all respects in as good condition as before the laying of such pipes."

This statute was in force in 1898, when the defendant was incorporated as a village, and does not except villages from the provisions thereof. No right is here given to revoke any existing permits, or to remove pipes already laid, and I doubt even that such legislation, if enacted, would have been effective to accomplish the removal of pipes that had been laid, before any consent was required, by persons who at the time owned the fee of the street and the lands abutting thereon, especially where there had been no express grant or dedication of the land for highway purposes.

I have examined all of the cases cited by defendant's counsel, and none of them seems to apply to the facts of this case. The defendant argues that, if a consent by the town is to be implied, it is revocable by the defendant. I do not think so. The pipes have been in the street for at least 60 years, maintained and used by the plaintiffs and their grantors during all that time, and that would seem to give them a prescriptive right to their continuance, if they had no other.

In the case of Deshong v. City of New York, 176 N. Y. 475, 68 N. E. 880, cited by defendant's counsel, the court held that "no length of time will render legal a private interference with a street which is a nuisance." That is not this case. The pipes here do not interfere with the public easement, nor do they constitute a nuisance. A consent or license is only revocable where the revocation leaves the parties in statu quo. Here the dedication of the plaintiffs' land for street purposes was subject to their right to maintain their water pipes therein, and if such right should now be taken from them they would lose not only that right, but the land in the street as well. But my decision rests upon the broader ground that no permission or consent was necessary for the laying of the pipes, and that the town and village took the street subject to that right, and, if that is so, then there is no consent or license to be revoked.

My conclusions therefore, are:

First. That the plaintiffs' ancestors and predecessors in title to what is now the public street and the lands adjoining on both sides thereof, including the spring, had a lawful right to lay the water pipes in question, and that the town of Cortlandt and the village of Croton, each in turn, acquired an easement only in the said street subject to the pre-existing rights of the owners of the fee to maintain the said water pipes.

Second. That the said water pipes and spring do not constitute an encroachment upon or obstruction of the said street, or interfere with the use of the same by the public.

Third. That the defendant cannot lawfully remove the said water pipes, and can only acquire them by purchase from the plaintiffs, or by condemnation proceedings for the purpose of establishing a municipal waterworks system.

Fourth. That the plaintiffs are entitled to judgment herein, with costs.