## Goodloe v. City of Richmond et al.

(Decided Oct. 10, 1933.)

ROSS & ROSS for appellant.

J. J. GREENLEAF, JOHN NOLAND and O. W. HISLE for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The decisive question involved herein is the property right of the owner of lots abutting on a street, with the consent of an intervening abutting owner, to construct below the surface of the street, between the lots of the two, a water line for the use of the abutting owner's property.

In August, 1930, George Goodloe was the owner of certain lots in the city of Richmond; one abutting on the south side of Water street, the other abutting on South Main street. The lots extend entirely through the square on which they are located. Main street is about 200 feet south of Water street. On his lot abutting Water street he has a large supply of sulphur water. On the north end of his lot, abutting on Main street, he has a business. He constructed a water line from his lot on Water street, under Water street, across the land of W. L. Arnold; thence under Main street onto and over his Main street lot to his place of business thereon, for the purpose of conveying the water from the source of supply to his place of business.

The pipe conveying the water from his Water street property to his Main street property is about 2 feet under the surface of Water street. On reaching Main street, he drove the pipe under it about 5 feet below the surface onto his Main street lot. Before the construction of his water line, he secured the permission of W. L. Arnold to construct it, on his land which abutted on both Main and Water streets, opposite the lots of Goodloe.

In September, 1930, the city of Richmond and the Richmond Water & Light Company, a corporation, filed an action against Goodloe seeking to enjoin him from using his water line to convey water to his business on

his Main street lot. A temporary order was granted restraining him from excavating the streets and laying the water line and occupying the streets therewith. The circuit court dissolved the restraining order and permitted him to continue the use of his pipe line to supply his business. Thereafter a motion was made before a member of this court for a temporary injunction. Before this motion was passed on, the city of Richmond, by its council, ordered the action dismissed as to the city. Thereafter, the member of this court before whom this motion for a temporary injunction was made delivered an opinion overruling the motion. On the convening of the court below, the plaintiffs dismissed their action without prejudice. In March, 1932, the city cut and severed the water line at a point "where the lot abuts the north side of Water street."

This action was instituted by Goodloe to require the city to permit him to connect his water line where it had been severed by the agents of the city, and to recover of it and its agents, who at its direction engaged in cutting the water line, damages of $5,000, including $50, the approximate cost of restoring the water pipe, for depriving him of the use of the water from March 14, 1932, until the line is connected at the point where it was cut. He charges that the water line is under the street and so maintained as not to be an unreasonable interference with the public's use for travel. Also that the city owns the waterworks from which water is furnished to its inhabitants, and that its motive in cutting his line was to compel him to buy water of the city. He sets up the issuance and dissolution of the temporary injunction and the disposition of the motion by a member of this court as res judicata. He also alleges the city's acts relative thereto were a waiver of its objection to the use and maintenance of the water line. He charges that the city is without right to deprive him of the use of the water on his property, and that its action in authorizing the cutting of the water line on Water street was wrongful and deprived him of his property rights and property in his water supply. He sought a temporary injunction prohibiting the city from interfering with his repairing the water line, and using it and the water for private purposes. Certain motions to strike from the petition and to strike certain exhibits from the record were entered by the city. In view of

the conclusions we have reached it is unnecessary to consider the action of the court relative thereto. Nor is it necessary to give consideration to his plea of res judicata, except to say it is insufficient.

A general demurrer was filed to the petition and sustained by the court. Goodloe declined to further plead and his petition was by order of the court dismissed, from which he appeals. The order permitted Goodloe, if he desired, to remove from under the streets the pipe used in the construction of the water line, with restrictions as to excavating for that purpose. It should be observed that Goodloe nowhere alleges in his petition that he owns to the center of the streets on which his lots abut. Nor are any allegations in the petition stating that he owns to the center of the streets across which his pipe was laid. The metes and bounds of his lots are not set out. It is alleged, however, that his property ''abuts'' on the streets, accompanied by the allegation that the water line was constructed across and under the property of W. L. Arnold, which abuts on the south side of Main street and also the north side of Water street, opposite Goodloe's land, with Arnold's consent.

The common law of England was, that land bounding on a highway, water course, or a street, conveyed without reservation, the grantee owned the fee to the center thereof, and ''has a right to all above and under ground except only the right of passage for the King and his people,'' and may exercise all rights of ownership not inconsistent with the public's right of passage. Goodtitle ex dem. Chester v. Allen, 1 Bur. 133, 17 Rul. Cas. 549, 12 D. Kenyon 427.

Judge Cooley, in his work on Constitutional Limitations (7th Ed.) page 808, states:

''As a general rule the laws for the exercise of the right of eminent domain, do not seem to go further than to appropriate the use, and the title in fee still remains in the original owner. In the common highways the public has a perpetual easement, but the soil is the property of the adjacent owner, and he may make any use of it which does not interfere with the public's right of passage, and the public can use it only for the purposes usual with such ways.''

In Lewis on Eminent Domain, sec. 449, it is written: "Upon the principles that statutes conferring a compulsory power are to be strictly construed, it follows that where the estate taken is not defined, only such an estate or interest will vest as is necessary to accomplish the purpose in view; where the easement is sufficient no greater estate can be taken. Thus, under authority to take land for a highway, railway or other like use, only an easement can be acquired, for no grater estate is necessary."

In McQuillin on Municipal Corporations (2d Ed.) vol. 4, sec. 1447, page 134, it is written:

"If the abutting owner has title thereto, he may use the space under the street to the center thereof the same as his other property, so long as he does not interfere with the superior right of the municipality below the surface for sewers and other public underground facilities. On the contrary, if the fee of the street is in the municipality, it may require abutting owners to obtain a permit before excavating under a street, * * * and may require the payment of a reasonable rental therefor. * * * It seems that the municipal authorities cannot arbitrarily refuse such a permit to the abutting owner."

This statement of McQuillin is sustained by Allen v. Boston, 159 Mass. 324, 34 N. E. 519, 38 Am. St. Rep. 423; Tacoma Safety Deposit Co. v. Chicago, 247 Ill. 192, 93 N. E. 153, 31 L. R. A. (N. S.) 868, 20 Ann. Cas. 564; State v. Hoboken, 33 N. J. Law 280; Dubuque v. Maloney, 9 Iowa, 450, 74 Am. Dec. 358; Farnsworth v. Rockland, 83 Me. 508, 22 A. 394; Dell Rapids Mercantile Co. v. Dell Rapids, 11 S. D. 116, 75 N. W. 898, 74 Am. St. Rep. 783; Fisher v. Thirkell, 21 Mich. 1, 4 Am. Rep. 422; Kress & Co. v. Miami, 78 Fla. 101, 82 So. 775, 7 A. L. R. 640; Appleton v. New York, 219 N. Y. 150, 114 N. E. 73, 7 A. L. R. 629.

The presumption is that the title and legal possession of the owner of the land abutting on a water course, highway, or street, extends to the center thereof, subject only to a public easement. Trustees of Hawesville v. Lander, 8 Bush, 679; Blalock v. Atwood, 154 Ky. 394, 157 S. W. 694, 46 L. R. A. (N. S.) 3; Henry v. Board of Trustees, etc., 207 Ky. 846, 270 S. W. 476; City of Covington v. State Tax Commission, 231 Ky.

606, 21 S. W. (2d) 1010; Friedman v. Snare & Triest Co., 71 N. J. Law 605, 61 A. 401, 70 L. R. A. 147, 108 Am. St. Rep. 764, 2 Ann. Cas. 497; Rich v. City of Minneapolis, 37 Minn. 423, 35 N. W. 2, 5 Am. St. Rep. 861; Western Union Telegraph Co. v. Williams, 86 Va. 696, 11 S. E. 106, 8 L. R. A. 429, 19 Am. St. Rep. 908; White v. N. C. Railway Company, 113 N. C. 610, 18 S. E. 330, 22 L. R. A. 627, 37 Am. St. Rep. 639; Kent's Commentaries 432; Dell Rapids Mercantile Co. v. Dell Rapids, 11 S. D. 116, 75 N. W. 898, 74 Am. St. Rep. 783.

As a defense it may be alleged and proven that the title of the abutting owner does not embrace the fee to the center of the water course, highway, or street. The allegations of Goodloe's petition that his property abuts on Main and Water streets, and that W. L. Arnold's property lies between the two, entitles him to the presumption that he and Arnold own the fee to the center of the street, which is sufficient when tested by a demurrer, or in the absence of allegations and proof to the contrary.

It is the settled law of this state that a lot owner has an easement in the street fronting his property which accords him the unquestionable right of a reasonbale ingress and egress from his lot on foot or in vehicles to and from the highway or street (Stein v. C. & O. Ry. Co., 132 Ky. 322, 116 S. W. 733), or to make any reasonable use of it which does not interfere with the enjoyment of its use by the public.

Transylvania v. City of Lexington, 3 B. Mon. 27, 38 Am. Dec. 173; Home Laundry Co. v. City of Louisville, 168 Ky. 499, 182 S. W. 645; Leitchfield Mercantile Co. v. Com., 143 Ky. 165, 136 S. W. 639; Pickrell v. City of Carlisle, 135 Ky. 126, 121 S. W. 1029, 24 L. R. A. (N. S.) 193; Maxwell v. Fayette National Bank, 186 Ky. 625, 217 S. W. 690. The right of ingress and egress to and from his property with vehicles or on foot from the street is necessary to the enjoyment of his property, peculiar to himself, and which is a valuable property right in him, in addition to that which he has as a member of the general traveling public. Home Laundry Co. v. City of Louisville, supra. Conceding, and it must be done, in the light of the authorities, supra, that the abutting owner has a right of access to and from his abutting property, and of other reasonable use of the

surface of the street, why may he not also have the right to the street for the laying of pipe for the conveyance of water? It is a right, and a means of access to his property for his purposes, constituting a property right in the street, which he may use to add to his convenience, if in the exercise of it he does not unreasonably interfere with the city's and the public's use (Cloverdale Homes v. Cloverdale, 182 Ala. 419, 62 So. 712, 47 L. R. A. (N. S.) 607; Dell Rapids Mercantile Co. v. Dell Rapids, supra; Appleton v. New York, supra), with obligation on him to leave the surface in as good condition as he found it; provided he complies with the restrictions of the city, if any, that will insure the least interruption of the use of the street by the city and the public. Lynch v. North View, 73 W. Va. 609, 81 S. E. 833, 52 L. R. A. (N. S.) 1038; Wells v. Croton-on-Hudson, 69 Misc. 97, 124 N. Y. S. 1058; McClaugherty v. Bluefield Waterworks & Improvement Co., 67 W. Va. 285, 68 S. E. 28, 32 L. R. A. (N. S.) 229; Colegrove Water Co. v. Hollywood, 151 Cal. 425, 90 P. 1053, 1055, 13 L. R. A. (N. S.) 904; Allen v. Boston, supra.

In Colegrove Water Co. v. Hollywood, the fee to the east half of the street was owned by the Colegrove Water Company and the west half thereof belonged to Cole. The Colegrove Water Company acquired title to a water system used in irrigation. For the improvement and betterment of the plant, it removed the wooden conduits and undertook to lay iron pipes across the street with the knowledge and consent of Cole who owned the property on the opposite side of the street. The city of Hollywood, through its superintendent of streets, stopped the Colegrove Water Company from laying its pipe from its land abutting on the street, across to and over the land of Cole, on the opposite side of the street. The trial court held that the Colegrove Water Company was entitled to a decree enjoining the city of Hollywood and its superintendent of streets from in any manner interfering with it in excavating the street for the purpose of laying the pipe so as to take water from its well, subject to a provision in the decree against unnecessary injury to the street and the obstruction of travel thereon. The Supreme Court of California affirmed the judgment and held that the Colegrove Water Company, as the owner of the fee of the east half of the street, with the permission of

Cole, had a right to lay the water pipe beneath the surface of the street, so far as it could do so, without interfering with the public's use and for that purpose was entitled to excavate the soil beneath the surface of the street. The court said:

"The owner of the land over which a highway is laid retains his right in the soil for all purposes which are consistent with the full enjoyment of the easement acquired by the public."

Hoyt v. Hart, 149 Cal. 722, 87 P. 569; Allen v. Boston, supra.

The court further stated that:

"This rule applies to land devoted to use as a public road or street, as well as to land subject to a private use only. The right of the abutting owner is, of course, always subordinate to the rights of the public. In city streets the easement of the public is, as a result of the conditions of urban life, more extensive than in roads through sparsely inhabited regions. In cities, it is customary to devote not only the surface of the street, and the space above the street, to public use, but the municipality may, and frequently does, occupy the soil beneath the surface for the accommodation of sewers, gas and water pipes, electric wires, and conduits for railroads. Where the city undertakes to occupy the space above or below the surface of the street for any purpose within the scope of the public uses to which highways may be put, the use by the owner of the fee must yield to the public use. Furthermore, the use by the owner of the fee is subject to reasonable regulation in the interest of the comfort and convenience of the community as a whole. But the owner of the land over which a highway is laid retains his right in the soil for all purposes which are consistent with the full enjoyment of the easement acquired by the public. This right of the owner may grow less and less as the public needs increase; but at all times he retains all that is not needed for public uses, subject, however, to municipal or police regulations, Allen v. City of Boston, 159 Mass. 324, 38 Am. St. Rep. 423, 34 N. E. 519. See, also, 3 Kent Com., 433; 2 Dill Mun. Corp. secs. 656, 699, 700; Tucker v. Tower, 9 Pick [Mass.] 109,

19 Am. Dec. 350; McCarthy v. City of Syrcause, 46 N. Y. 194; Hanbury v. Woodward Lumber Co., 98 Ga. 54, 26 S. E. 477; Farnsworth v. City of Rockland, 83 Me. 508, 22 A. 394; Weller v. McCormick, 52 N. J. Law, 470, 8 L. R. A. 798, 19 A. 1101; Borough of Brigantine v. Holland Trust Co. [N. J. Ch.] 37 A. 438; Ivins v. Inhabitants of Trenton, 68 N. J. Law, 501, 53 A. 202; Dell Rapids Mercantile Co. v. City of Dell Rapids, 11 S. D. 116, 74 Am. St. Rep. 783, 75 N. W. 898. And inasmuch as the right to use the soil below the surface is one that can rarely be practically enjoyed without first disturbing the surface temporarily in making the necessary excavations, it must be held that the owner of the soil has the right to make such excavations as will enable him to install the materials or do the work requisite for an enjoyment of his rights in his land. The occupation of the soil by a water pipe, so long as no public use is impeded, is a legitimate use by the owner, and carries with it the right to excavate the soil, subject to such restrictions by the municipality as will insure the least interruption to the public easement."

The facts in the present case are analogous to those in Colegrove Water Company v. Hollywood, and the principles set forth therein are applicable and controlling herein. The city argues that section 3560 of the Kentucky Statutes governing cities of fourth class, of which the city of Richmond is one, confers on the city plenary jurisdiction over its streets, and controls the right of Goodloe in this case. It does not appear from the petition to which a demurrer was sustained, that the city has exercised over its streets the power conferred by this section of the statute, or that it has adopted an ordinance concerning the subsurface rights of the abutting landowner. Until it does so, the mere existence of the statute does not affect his right to the relief sought in this case. Since the petition presents no facts calling in question the operation of the statute, we refrain from considering it.

It is our view that the court erred in sustaining a demurrer to the petition. Judgment reversed for proceedings consistent with this opinion.