**COMMONWEALTH ex rel. KECK, Commissioner of Highways, v. SHOUSE.**

Court of Appeals of Kentucky.

Jan. 18, 1952.

A. E. Funk, Atty. Gen., C. J. Waddill, Jr., Asst. Atty. Gen., Jo M. Ferguson, Asst. Atty. Gen., J. D. Ruark, County Atty., Morganfield, for appellant.

King & Craig, Henderson, for appellee.

CAMMACK, Chief Justice.

This is an appeal from a judgment dismissing the Commonwealth's petition after a demurrer had been sustained thereto in an action against an adjoining property owner for cutting trees on a highway right of way. The Commonwealth contends that the petition stated a cause of action. We concur in this view.

The land on which the trees were cut was acquired by the Commonwealth for the purpose of constructing Highway 60 through Union County. The deed provided that the land should revert to the grantors in case it ceased to be used as a highway. Subsequent to the construction of Highway 60 the appellee acquired title to the adjoining property. A row of trees was planted along the highway within approximately one foot of the appellee's land. The roots and the limbs of the trees extended over on the appellee's land. The appellee cut down 19 of the trees, claiming that they were depleting his property. The Commonwealth then filed the action seeking to recover $1,000 for the destruction of the trees.

It has been pointed out by this Court frequently in such cases that the abutting landowner has title to the center of the highway; that he has the right of reasonable ingress and egress; and that he may make reasonable use of the soil so long as it does not interfere with the full enjoyment of the easement acquired by the public. Town of LaGrange v. Overstreet, 141 Ky. 43, 132 S.W. 169, 31 L.R.A.,N.S., 951; Goodloe v. City of Richmond, 250 Ky. 608, 63 S.W.2d 785 and cases cited therein.

Among other things, KRS 433.750 provides that anyone who cuts trees from a highway right of way without first having obtained permission in writing from the engineer having charge of the maintenance of the highway shall be subjected to a fine. The statute makes no exception for an adjoining property owner.

It may well be said that trees form an integral part of a modern highway. They

442

serve useful as well as ornamental pur-
poses. The legislature has declared wisely
that they shall not be subject to indiscrim-
inate destruction. California has a statute
similar to KRS 433.750. In the case of
Santa Barbara County v. More, 175 Cal. 6,
164 P. 895, L.R.A. 1917F, 385, it was held
that an adjoining property owner could not
remove trees from the highway right of
way even though he had planted them.

It is true that KRS 433.750 is a penal
statute, but KRS 446.070 provides that any
person who has sustained damages because
of the violation of a statute by another may
recover from the offender. KRS 446.010
provides that the word "person" may ex-
tend and be applied to bodies politic.

Judgment reversed with directions to set
it aside and for proceedings consistent with
this opinion.