## ATCHER v. ELIZABETHTOWN LINCOLN–MERCURY, Inc.

Court of Appeals of Kentucky.

May 2, 1952.

As Modified on Denial of Rehearing
June 20, 1952.

J. T. Hatcher, Paul M. Lewis, Elizabethtown, J. R. Watts, Brandenburg, for appellant.

J. Howard Holbert, Elizabethtown, for appellee.

CAMMACK, Chief Justice.

The sole question presented on this appeal is whether the Meade Circuit Court has jurisdiction in an action arising from an automobile accident occurring on a state highway running through the U. S. Military Reservation of Fort Knox.

744

Thomas Atcher, appellant, a four year old infant, on January 23, 1949, was riding with his mother, Mrs. Aline Atcher, on U. S. Highway No. 60 between Tip Top and Grahampton in Meade County, Kentucky. The door of the car flew open and the boy fell out and sustained injuries. Suit was filed in the Meade Circuit Court against the Ford Motor Company, the manufacturer of the car, and Elizabethtown Lincoln-Mercury, Inc., the retail distributor. It was alleged that defects in the car were the cause of the accident.

The retail distributor filed a plea to the jurisdiction of the court, claiming that, since the accident occurred on the Fort Knox Military Reservation, the circuit court had no jurisdiction. The trial judge sustained the plea and this appeal results.

A stipulation of facts shows that the accident occurred on U. S. Highway 60 within the confines of Fort Knox. All the land in the immediate area was formerly owned by Joseph Allen and his wife. In 1930, the Allens conveyed to the Commonwealth a right-of-way to build a highway. The road was built and has been maintained and policed by the Commonwealth up to and including the time of the accident. In 1942, by means of condemnation, the United States Government became the owner of all the land, subject, however, to existing easements.

Under the deed from the Allens to the Commonwealth, the grantee obtained an easement. Hollowell v. Caldwell County, 288 Ky. 89, 155 S.W.2d 481. The United States Government now stands in the shoes of Allen, so far as ownership of the land is concerned. Its rights include the title to the land on both sides of the road, as well as that of the right-of-way. Goodloe v. City of Richmond, 250 Ky. 608, 63 S.W.2d 785.

■ We are faced squarely with the question of whether the easement held by the Commonwealth is sufficient to confer jurisdiction upon the state courts. In the case of Commonwealth v. King, 252 Ky.

699, 68 S.W.2d 45, we held that the Hardin Circuit Court did not have jurisdiction to try an assistant cashier accused of making false entries on the books of a bank conducting its business in a building leased from the United States and located at Fort Knox. The property on which the bank was located had been unconditionally transferred to the United States with the consent of the Commonwealth. KRS 3.030. We pointed out that, when land is transferred to the United States for a military reservation, with the consent of the state in which it is located, the land comes under the exclusive jurisdiction of the United States unless there is a specific exclusion. See Surplus Trading Co. v. Cook, 281 U.S. 647, 50 S.Ct. 455, 74 L.Ed. 1091; 21 C.J.S., Courts, § 525, p. 795.

■ The appellee urges that the rule in the King case is applicable here and that the highway is in the exclusive jurisdiction of the United States. However, in the present case, even though the title to the land was transferred to the United States with the unconditional approval of the Commonwealth, KRS 3.030, the right-of-way of the highway was specifically left in the Commonwealth and the United States took the land subject to this easement. Therefore, the right-of-way to U. S. Highway 60 has never been out of the territorial control of the Commonwealth. Even though the United States did have title to the land under the right of way, this title is not sufficient to take away the right of the state to exercise its police power and legislative authority. Silas Mason Company v. Tax Commission of State of Washington, 302 U.S. 186, 58 S.Ct. 233, 82 L.Ed. 187.

■ We conclude, therefore, that, since the right-of-way to U. S. Highway 60 was never transferred to the jurisdiction of the United States, the Meade Circuit Court had jurisdiction to hear the action against appellee.

Judgment reversed, with directions for proceedings consistent with this opinion.