## EMBRY-BOSSE FUNERAL HOME, Inc. v. WEBSTER et al.

Court of Appeals of Kentucky.

Oct. 23, 1953.

W. A. Armstrong, Ellis E. Blake, Louisville, for appellant.

Randolph A. Brown, William E. Burbank, Louisville, for appellees.

MILLIKEN, Justice.

The appellant, Embry-Bosse Funeral Home, Inc., has its place of business at the corner of Preston Highway and Melford Avenue in the Preston Place Subdivision in the Town of Parkway Village, Jefferson County, Kentucky, and also owns two lots directly behind it on Melford Avenue, the use of which is restricted to the erection of family residences or apartment houses. Melford Avenue is a fifty-foot dedicated strip of land, the center sixteen feet of which is paved, leaving a seventeen-foot strip on each side of the pavement which contains water meters and the physical ap-

paratus of the public utilities. There are no sidewalks along the street, and the residents, including the appellees, have treated the seventeen-foot strips as if they were part of their front yards. The appellant, Funeral Home, attempted to use the two restricted lots it owns on Melford Avenue for parking purposes in connection with its business, and, when enjoined from so doing, converted into parking space the seventeen-foot strip along the Melford Avenue side of its unrestricted corner lot and along the front of its two restricted lots on Melford Avenue. This is an appeal by the Funeral Home from a permanent injunction issued by the chancellor directing the discontinuance of the practice.

We have little trouble sustaining the chancellor in prohibiting the use of the two restricted lots for the purpose of parking automobiles, and there appears to be no serious contention about that phase of the injunction. Bennett v. Consolidated Realty Co., 226 Ky. 747, 11 S.W.2d 910. However, the injunction against the use of the seventeen-foot strip for parking purposes connected with appellant's business presents a more complicated matter. We are not favored with the details of the dedication of Melford Avenue, but assume that the titles to the lots adjoining it extend to the middle of the fifty-foot strip dedicated for street purposes in accordance with the common law rule which prevails in Kentucky. Goodloe v. City of Richmond, 250 Ky. 608, 63 S.W.2d 785. If that is true, there is logic in the contention of the appellees that the restrictive covenants applicable to the Melford Avenue lots extend over that portion of Melford Avenue—the seventeen-foot strip—not actually used for traffic purposes and, as a consequence, the conversion into a parking area, principally for the accommodation of the appellant's business, of the seventeen-foot strip in front of the two Melford Avenue lots is a violation of the restrictions. On the other hand, counsel for the Funeral Home proceed on the theory that the seventeen-foot strip is part of the dedicated street, that street parking space is an essential in the modern community, and that the use of the

parking space would be open to the public generally although it would benefit the Funeral Home more directly.

It seems to us that the crux of the problem is the scope of the property interests of the abutting owners in the strip generally. Except as to the portion of the strip in front of their respective properties, the interests of the property owners of the subdivision is similar to the interests of the general public. The paving of the seventeen-foot portion in front of the two restricted lots and alongside the Funeral Home is no invasion of any property interest of the other property owners along the street; it is not an act which, taken alone, would create any liability for damages, for the entire fifty-foot strip was dedicated for street purposes. Had the Funeral Home, for example, built a sidewalk in front of the two restricted lots and alongside its corner lot, there could be no just complaint because that would be deemed a public purpose. As a consequence, the only possible theory left on which relief could be sought is upon the theory of nuisance. If there is a nuisance at all, it pertains solely to the use of the public strip by the Funeral Home and the traveling public and, as such, is a public nuisance. If the use of the strip for parking causes a traffic hazard, the municipality can remedy the situation by ordinance. Generally, an individual can not maintain an action for a public nuisance unless he suffers special damage therefrom. In the case at bar, the use of the strip, so close to the homes of the complaining property owners, may be more annoying to them than to other property owners farther down the street, but it is no invasion of any of their property interests any more than it is an actionable injury to their persons. 39 Am.Jur., Nuisances, § 124; Chapter 40 Restatement of the Law of Torts.

We conclude, therefore, that the issuance of the injunction against the use of the strip for parking purposes was not proper and is reversed. The injunction against the use of the two restricted lots for parking purposes is affirmed.