904 F.2d 708
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
KENTUCKY NATIONAL INSURANCE COMPANY, Respondent-Appellee.
 No. 89-6246.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1990.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 WELLFORD, Circuit Judge.
 
 
 1
 At issue here is the correctness of the district court's determination that a cause of action under the Kentucky unfair claims settlement practices statute is not available to the United States as plaintiff.
 
 
 2
 The issue in this case is an extremely narrow one, a question of Kentucky law construing Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-230, which provides that certain enumerated practices of insurance companies shall constitute unfair claims settlement practices.[1] Another Kentucky statute provides:
 
 
 3
 A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation.
 
 
 4
 KRS 446.070.
 
 
 5
 Is the United States a "person injured" by defendant Kentucky National Insurance Company's delay in making insurance payments to the government agency named as a mortgagee beneficiary after a fire substantially damaged the mortgaged home? KRS 446.070 has been interpreted by Kentucky courts to provide a civil remedy for violation of certain other Commonwealth statutory provisions, including KRS 304.12-230, which themselves include no specific remedy for statutory breaches, so long as the person seeking the remedy is one for whose protection the statute was passed. Hackney v. Fordson Coal Co., 19 S.W.2d 989 (Ky.1929).
 
 
 6
 [The Unfair Claims Settlement Practice Act] does not provide the aggrieved party with a civil remedy and therefore KRS 446.070 applies to such a violation. Reeder belongs to the class intended to be protected by the Insurance Code. Although the Insurance Code prescribes the remedy for its enforcement by the Insurance Commissioner, it does not provide a remedy for those individuals intended to be protected by the act.
 
 
 7
 [KRS 446.070] ... has been part of the statutory law of Kentucky for at least 88 years.... There is no reason why it should not be applied to third party claims. It creates a private right of action for the violation of any statute so long as the plaintiff belongs to the class intended to be protected by the statute.
 
 
 8
 State Farm Mutual Auto Ins. Co. v. Reeder, 763 S.W.2d 116, 118 (Ky.1988). The court also noted that the act, which was designed to prevent unfair practices and fraud, should be "liberally construed so as to effectuate its purpose." 763 S.W.2d at 118, citing KRS 446.080 and DeHart v. Gray, 245 S.W.2d 434 (Ky.1952).
 
 
 9
 In the instant case, the Farmers Home Administration (FmHA), an agency of the United States government, was the holder of a mortgage on property purchased by Joy and Janice Richmond. The Richmonds insured the property with Kentucky National Insurance Company (Kentucky National). In October 1987, the property was destroyed by fire. Appellant, United States, acting for FmHA, alleges that Kentucky National refused to settle the claim. State court litigation between the Richmonds and the insurer (with the United States as third-party plaintiff) was eventually settled. The United States then brought this action, seeking recovery of damages under the Kentucky Unfair Claims Settlement Practices Act, as well as interest and attorney's fees for delay in settling pursuant to KRS 304.12-235. Because the United States was plaintiff, the district court had original jurisdiction over the suit pursuant to 28 U.S.C. Sec. 1345.
 
 
 10
 The district court granted Kentucky National's motion to dismiss, holding:
 
 
 11
 [B]oth the Reeder decision and the Unfair Claims Settlement Act restrict their applicability to private individuals and private citizens. The United States of America is not a private citizen, and it therefore is not within the intended protection of the Unfair Claims Settlement Act or Reeder.
 
 
 12
 (Emphasis in original). The district court dismissed the entire action and the United States appeals.
 
 Standard of Review
 
 13
 In the absence of reported state court decisions on the precise issue involved, a district court's interpretation of state law is given considerable deference by courts of appeals. Hines v. Joy Mfg. Co., 850 F.2d 1146, 1150 (6th Cir.1988); Wright v. Holbrook, 794 F.2d 1152, 1155 (6th Cir.1986).
 
 
 14
 Accordingly, "if a federal district judge has reached a permissible conclusion upon a question of local law, the Court of Appeals should not reverse even though it may think the law should be otherwise."
 
 
 15
 Martin v. Joseph Harris Co., 767 F.2d 296, 299 (6th Cir.1985), quoting Insurance Co. of North America v. Federated Mutual Insurance Co., 518 F.2d 101, 106 n. 3 (6th Cir.1975).
 
 
 16
 Despite the deference due the district court's interpretation of Reeder, we are disposed to conclude that a reading of the statutory language, taken in context, establishes that the Kentucky Supreme Court was not referring to private citizens as opposed to bodies politic; no such issue was presented in the Reeder case. Rather, the court was referring to the availability of a "private" cause of action, such as a civil suit, as opposed to regulatory action available only to the Insurance Commissioner.
 
 
 17
 Furthermore, as the United States points out, Kentucky statutory law makes clear that the word "person" (which is used in KRS 446.070) is not limited to natural persons.
 
 
 18
 As used in the statute laws of this state, unless the context requires otherwise:
 
 
 19
 * * *
 
 
 20
 * * *
 
 
 21
 (26) "Person" may extend and be applied to bodies-politic and corporate ...
 
 
 22
 KRS 446.010. In Commonwealth v. Shouse, 245 S.W.2d 441 (Ky.1952), Kentucky's highest court held that the state itself, as a body-politic, is a 'person' that can maintain an action under KRS 446.070.
 
 
 23
 We ascertain no logical basis for concluding that the United States as a party litigant should not be deemed within the group of "persons" sought to be protected by the Kentucky law in question just as any other "person." We therefore reverse the district court's summary disposition.
 
 OTHER CLAIMS
 
 24
 The United States also brought suit pursuant to Kentucky's "timeliness statute," KRS 304.12-235, which allows the recovery of attorney's fees and interest if an insurer fails to timely settle a claim. Because KRS 304.12-235 provides its own civil remedy, any interpretation of KRS 446.070 has no relevance. The timeliness statute set out in footnote 1 does not use the word "person." The district court failed to give any reason why this portion of the United States' suit was not sustainable, and we therefore remand this aspect of the case also for further proceedings consistent with our opinion.
 
 
 25
 We REVERSE and REMAND for further proceedings as indicated.
 
 
 
 [1]
 KRS 304.12-230 provides:
 It is an unfair claims settlement practice for any person to commit or perform any of the following acts or omissions:
 * * *
 (5) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;
 (6) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear; ...