## Pool, et al. v. Pool, et al.

(Decided November 26, 1918.)

### Appeal from Caldwell Circuit Court.

Appeal and Error—Interlocutory Order.—An order of the trial court overruling defendants' motion to file an answer, counterclaim and cross-petition, even though erroneous and making same a part of the record for the purpose of an appeal, is an interlocutory order, and an appeal cannot be prosecuted therefrom to this court until there has been a judgment in the lower court, finally denying the relief sought in the refused pleading.

MILLER & MORSE for appellants.

J. E. BAKER for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Dismissing the appeal.

In this action, under section 490 of the Civil Code, to sell for partition a house and lot in Princeton, Kentucky, owned jointly by appellants and appellees as the heirs of W. H. Pool, deceased, the appellant, S. P. Pool, a defendant below, filed an answer, counterclaim and cross-petition, asserting a lien upon the property, the indivisibility and sale of which he did not oppose, for many items of expense incurred by him, as he claims, to protect and preserve the property for the benefit of all, for which he sought reimbursement out of the proceeds of the sale. Failing to comply with the order of the court to paragraph his answer, it was stricken from the record. Thereafter he prepared and tendered a new answer, counterclaim and cross-petition, arranged in six separate paragraphs, which the court, for some reason, not apparent, refused to allow him to file, but the same was made a part of the record for the purposes of an appeal: and it is from this order that he has prosecuted this appeal.

This is, however, but an interlocutory order of no more force or effect than if the answer had been filed and the demurrer sustained to it since the court may yet allow the pleading to be filed at any time before the fund in court which appellant seeks to subject to the payment of his claim is disposed of, and it is quite apparent under the thoroughly established rule of this court, that there has been no judgment from which an

appeal may be prosecuted. Elkhorn Land & Improvement Co. v. Ratliffe, 181 Ky. 603; Harris &c. v. Tuttle, &c., 23 Ky. Law Rep., 220; Jacobs v. Jacobs, Guardian, &c., 23 Ky. Law Rep. 186; Adkisson v. Dent, &c., 88 Ky. 628; McClure, Admr. v. Anchor Roller Mills Ass'ee, 30 Ky. Law Rep. 509.

Wherefore, the appeal is dismissed.