## Pool v. Pool, et al.

(Decided February 21, 1919.)

Appeal from Caldwell Circuit Court.

Appeal and Error—Final Judgment.—A judgment ordering a sale of real estate for division held not a final judgment from which an appeal could be prosecuted by one who. claimed a lien upon the property but who did not oppose the sale, and sought only to subject the proceeds to his asserted lien.

MILLER & MORSE for appellant.

J. E. BAKER for appellees.

RESPONSE BY JUDGE CLARKE—Overruling motion for rehearing and extending former opinion.

This is an appeal as stated in the opinion rendered November 26, 1918, and reported in 182 Ky. 241, from an order refusing appellant's motion to file an answer, counterclaim and cross-petition, and it is also an appeal from a judgment ordering the sale for partition of a tract of land against which appellants in their rejected pleading sought to enforce several alleged liens, and it was so considered, as is apparent since we held that appellant could not appeal until a distribution of the proceeds of the sale of the land was ordered, although we did not specially refer to the judgment and order of sale.

It is conceded by counsel in a petition for a rehearing that the order refusing the offered pleading was an interlocutory order as we held, but it is insisted most earnestly, the judgment which adjudged that F. P. Pool, J. H. Pool and Charles Pool (or his heirs if he was dead) each owned an undivided one-fourth interest in the land; that it was indivisible; "that it will be necessary to sell the whole of said tract of land for the purpose of a division of the proceeds among the heirs interested therein, and

that same be sold by the master commissioner for the purpose of a division," was a final judgment, justifying and necessitating the appeal.

In support of this contention our statement in the opinion dismissing the appeal that appellant simply sought reimbursement out of the proceeds of the sale, is most vigorously assailed, but we still think our statement was accurate, since the rejected pleading in no statement denies the indivisibility or opposes the sale of the land, although it does of course, by asserting a lien thereon, oppose a distribution among the heirs of the proceeds, until the asserted liens are satisfied, and the prayer of the rejected pleading is as follows;

"Wherefore, defendant prays that all the liens set up herein, be herein declared, established and enforced, and that his claim herein amounting to $1,500.00, be allowed against the proceeds of the sale of this land and against all three of his brothers named herein, and that the portion of Charles Pool be adjudged subject to his share of the liability herein set forth, and that defendant be given judgment accordingly, and he prays for his costs and all other proper, general and equitable relief."

It therefore still seems to us that the judgment ordering a sale of the land for partition did not deny to appellant any relief he sought by his rejected pleading. The proceeds of the sale which appellant sought to subject to his asserted claim was still under the absolute control of the court, and the judgment ordering a sale, although it recited the sale was necessary to effect a division among the heirs, did not preclude the court from allowing any claim theretofore or thereafter asserted against same before or when a distribution should be ordered. The appellant did not even suggest that the land was indivisible or that it ought not to be sold, nor did the court in its judgment finally decide any question adversely to appellant, even if the statement in the judgment, that it was necessary to sell the land for division among the heirs, be considered an expression of the court's then opinion that only the heirs were entitled to participate in such division, because the court can and may change its opinion as to what parties are entitled to the fund, at any time before final distribution.

The purchaser of the land under the judgment of the court will of course be protected against any claim of appellant because appellant did not, as we have said and

the record conclusively proves, oppose the sale, but no one by reason of that sale can get in a position where he could interfere with or preclude appellant's assertion of his claim against the proceeds of the sale, until some order has been entered in this action disposing of same.

Section 950 of the Statutes, which allows an appeal from any judgment in which the title to land or the right to enforce a statutory lien therein is involved, does not help appellant's contention, because the judgment referred to therein is a final judgment and this is not a final judgment with reference to appellant's right to enforce a lien upon the land, because he only seeks to enforce the lien upon the land by subjecting the proceeds thereof, as to which there has been no final order.

He did not ask or suggest or want a sale subject to his asserted lien, nor oppose its sale free of any claim of his against the land, but sought only to subject the proceeds of the sale to an asserted lien against the land. This he may do so long as the fund he sought to subject remains undisposed of, and until it is disposed of finally, there is no judgment from which he can appeal.

We do not, of course, mean he must again offer to file his rejected pleading if he does not think it worth while, but only that he must await a final judgment before he can appeal.

Wherefore the petition for a rehearing is overruled.