### S. P. Pool v. F. P. Pool.

S. P. Pool v. F. P. Pool.

(Decided November 12, 1920.)

Appeals from Caldwell Circuit Court.

1.  Pleading—Failure to Paragraph Pleading.—Defendant failed to paragraph an answer as directed by court and his pleading was

stricken from the record, but at the next succeeding term of court the pleading, in paragraphed form, was tendered before judgment. Held, that the court erred in refusing to allow this pleading to be filed.

2. Pleading—Amendments.—When the filing of an amended or supplemental pleading will promote justice and will not prejudice the opposing side, generally speaking, the court should allow it to be filed, the ends of justice being the better subserved by permitting parties to plead to an issue.

MILLER & MORSE for appellant.

J. E. BAKER for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

The parties to these appeals are the four sons of W. H. and Frances Pool. The father died intestate about 1896. At the time of his death he owned a house and lot in Princeton, Ky. The mother died in the latter part of 1914. Thereafter a suit was instituted by F. P. Pool, one of the sons, against the others asking a sale of the property and a distribution of the proceeds to those entitled thereto. To this petition S. P. Pool filed an answer, counterclaim and cross-petition alleging he had satisfied a judgment against his father on a vendor's lien on said property, and had expended other sums for taxes, insurance and repairs. A motion to paragraph this pleading was sustained, but upon S. P. Pool's failure to comply with this order of court, the pleading was stricken from the record. At the succeeding term of court a similar pleading duly paragraphed was tendered. On the same day a judgment was entered ordering a sale of the property. The court declined to permit the pleading to be filed, but had same made a part of the record. From this judgment an appeal was taken, but as it was not from a final order the appeal was dismissed. 182 Ky. 241, 206 S. W. 274. Same case on rehearing, 183 Ky. 341, 209 S. W. 62.

In January, 1918, F. P. Pool instituted an action against S. P. Pool, seeking the recovery of one-fourth of $500.00 which he alleged had been collected by defendant as rent on the real estate above referred to since the date of the mother's death. In his answer, which was made a counterclaim and set off, defendant denied he had collected more than $372.00 in rent, affirmatively pleading the same matters contained in his answer in the first case, with the addition of other items paid since the first plead-

ing was filed. A demurrer was sustained to this plead-
ing and defendant appealed. Not being advised as to the
status of the first suit this court on December 19, 1919,
concluded that if judgment had not been entered in the
first case, after its return to the lower court, the two suits
should be consolidated or heard together. Publication
of this opinion was withheld pending a petition for re-
hearing as to the apportionment of costs. In the mean-
time a judgment and order of distribution had been enter-
ed in the first case and an appeal taken therefrom. In
this order of distribution no allowance was made to S. P.
Pool for any of the items set forth in his answer and
counterclaim. Indeed he has never had a hearing on this
pleading, though he has made three attempts in the two
cases to get it before the court.

To avoid further confusion in this already compli-
cated litigation we have concluded to let this one opinion
in the two cases dispose of the pending petition and ap-
peals.

Every litigant is entitled to his day in court; this S.
P. Pool has not had. The paragraphed pleading was
tendered at the next succeeding term following that at
which the former pleading was stricken from the record.
It was tendered before the entry of the judgment. Under
the Practice Act, Civil Code, section 367a, the lower court,
in its discretion, may permit a pleading to be filed after it
is due. Courts have been rather liberal in regard to the
filing of pleadings—this is as it should be.

The ends of justice will be the better subserved by
permitting parties to plead to an issue and proceed to a
trial of their controversy and to the rendition of a judg-
ment in conformity to the facts on the merits of the case,
where this can be done without violating some positive
provision of law or practice. Mutual Life Ins. Co. of
N. Y. v. Evans, 185 Ky. 335, 214 S. W. 927. Generally
speaking, when the filing of an amended or supplemental
pleading will promote justice and will not prejudice the
opposing side, the court should permit it to be filed. Civil
Code, section 134. The only limitation upon the discre-
tion of the trial court in allowing pleadings to be filed is
that they must be in furtherance of justice, and must not
change substantially the claim or defense. Greer v. City
of Covington, 83 Ky. 410. To refuse a party the right to
amend would be the exception rather than the rule.

In the present instance the tendered pleading did not
present any new defense or plea, but merely, in compli-

ance with the orders of court, presented the former pleading in paragraphed form. Nor can it be said to have come too late, tendered as it was at the following term and before judgment.

Being of the opinion the lower court erred in refusing to permit the filing of the pleading of S. P. Pool, both judgments will be reversed with instructions to file said pleadings, and hear the two cases together, and for such further proceedings as may not be inconsistent herewith.