## Kentucky Coal Lands Company v. J. D. Hughes Lumber Company.

(Decided November 9, 1923.)

### Appeal from Leslie Circuit Court.

1. Pleading—Abuse of Discretion in Refusing to Allow Amendment.—The trial court abused a sound discretion in refusing to allow plaintiff to amend its pleadings during the trial so as to correctly present the real issues between the parties, in view of Civil Code of Practice, section 134.

2. Evidence—Admissions of Tenant Substantive Evidence against Landlord Claiming by Adverse Possession.—Admissions by tenant as to the character and extent of his holding are substantive evidence against his landlord claiming by adverse possession.

CLEON K. CALVERT and L. D. LEWIS for appellant.

A. T. W. MANNING and LEWIS & LEWIS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Upon a former appeal of this case, reported in 187 Ky. 354, 218 S. W. 1024, we held that the first trial decided correctly the title to three out of five separate tracts of land involved in the litigation, and reversed the judgment as to tracts 3 and 4, with instructions to direct a verdict as to them for the plaintiff, Kentucky Coal Lands Company, if, upon another trial, the evidence on the question of defendant's claimed adverse possession thereof should be the same.

The evidence as to tract 4 was precisely the same on both trials; but as to tract 3, there was some evidence on the last trial of an adverse possession by defendant. The court, however, directed a verdict for defendant as to both tracts, and plaintiff is appealing from the resultant judgment dismissing its petition as to these two tracts.

The court was led to take this action solely by reason of the fact that defendant proved on the second trial that tracts Nos. 3, 4 and 5, as described in the petition as

amended before the first trial, were not separate tracts, but overlapped, and in fact formed but a single boundary of land. As we held upon the former appeal defendant had title by adverse possession of tract 5, that possession was held conclusive of its title to the entire boundary theretofore considered as tracts 3, 4 and 5.

But in this the court clearly was in error, since the proof, and all of the several maps of both parties, show conclusively and without contradiction that these three parcels of land are separate and distinct, as all parties conceded on the first trial, and that they were simply described erroneously in plaintiff's petition. This error in its pleadings was not discovered by plaintiff until defendant proved it on the second trial, as defendant had made no mention of it theretofore.

As soon as this occurred, plaintiff offered an amended pleading correctly describing the several tracts so as to conform to all the proof, including the maps of the defendant upon which these tracts were shown to be separated entirely from each other. Not only was this admitted to be true on the former trial and appeal of the case, but even now defendant can not and does not deny that these tracts are separated entirely from each other, or that the offered amended petition correctly describes them, and the original pleadings do not do so. Hence there is absolutely nothing in the record to sustain the directed verdict and judgment against plaintiff as to tracts 3 and 4 except a manifest error in the pleadings, which the court would not allow plaintiff to correct when it was discovered during the second trial.

That the court abused a sound discretion in refusing to allow plaintiff to amend its pleadings, even during the trial, so as correctly to present the real issues between the parties, is at once obvious. Section 134 of the Code of Practice not only expressly confers such authority upon the court "in furtherance of justice," but mandatorily requires that "the court must, at every stage of an action, disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party." So, even without amendment, the court should have disregarded this manifest error in the pleadings which did not in the least affect defendant's rights, since its own evidence, its maps, the first trial and appeal, and everything in the record, make it apparent that the real issues and the true description of the tracts were

thoroughly understood by all parties, notwithstanding they were incorrectly described in the pleadings.

See also Newman on, Pleading and Practice vol. 1, sec. 596; 21 R. C. L., pp. 572-575; Young v. McIlhenny, 116 S. W. 728; Morrison v. Payton, 104 S. W. 685; Hobbs v. Ray, 96 S. W. 589; Davis v. Kimberlain, 188 Ky. 147, 221 S. W. 226; Pool v. Pool, 189 Ky. 504, 225 S. W. 363.

As there was no proof upon the second trial of an adverse possession by defendant of tract 4, just as there was none on the first trial, a verdict as to that tract should have been directed for plaintiff, as the former opinion directed. But as there was some evidence on the second trial that defendant's adverse holding of a fenced field by its tenants, Collins and Thacker, extended into tract 3, which was not shown on the first trial, the title of defendant to that tract by adverse possession should have been submitted to the jury.

The court, however, erred in refusing to permit plaintiff to prove, as it did on the first trial, that Collins had admitted to plaintiff's agent Howard that he had cleared and fenced this inclosure in the direction of tract 3 only about three years before the institution of this action. Collins testified for defendant on the first trial, but he was not introduced on the last trial, and it is defendant's contention, and evidently was the theory of the court, that his admission, though competent to contradict him as a witness on the first trial, was not competent as substantive evidence against defendant, as it was offered and refused on the second trial.

But to this we cannot agree. While defendant did not offer Collins as a witness on the second trial, it proved by others his possession as its tenant, and because thereof, in part at least, claimed title to tract 3 upon that trial just as it did on the first, and his admissions as to the character and extent of his holding for defendant's benefit are substantive evidence against the defendant, and not merely contradictory of his evidence. Upon this question Wigmore, in vol. 3, section 1777, of his treatise on evidence, says:

"Suppose that the occupier of the land was not present claimant, nor a predecessor under whose adverse possession he claims, but was a third person concededly only a lessee, may the declarations of this lessee-occupier professing to hold as tenant under the present claimant or his predecessor, be received? It seems clear that they

may. Such declarations signify that the declarant's acts of occupation were done on behalf of his alleged landlord, and such acts will therefore be acts of possession for that landlord, provided only that the latter adopted them, and his then claim of title would suffice as such an adoption. It is generally conceded that such declarations of a lessee are admissible, for the now claimant, as his own would have been; but they would seem to be also receivable against him.''

To the same effect see Smith v. Morrow, 7 T. B. Mon. 237, and Young v. Adams, 14 B. Mon. 102, 58 A. M. Dec. 654.

Wherefore the judgment is reversed, with directions to enter a judgment for plaintiff as to tract 4, in conformity with the opinion on the former appeal, and the cause is remanded for a new trial consistent with that and this opinion on the single issue of defendant's title to tract 3 by adverse possession.