## Pool v. Pool, et al.

(Decided April 20, 1926.)

### Appeal from Caldwell Circuit Court.

1. Life Estates.—It is duty of life tenant to pay taxes and insurance and maintain property in reasonable condition, and he cannot charge remaiderman for improvements.

2. Tenancy in Common—Son, as Tenant in Common of Property Left by Father, Held Without Right to Lien on Common Property, nor to Recover from Cotenants for Contribution for Mother's Support. —Where sons became owners as tenants in common in property left by deceased father, and where there was no agreement that defendant son should use proceeds therefrom in part payment for maintenance of the widow, even though cotenants acquiesced therein, defendant held not to have lien on common property for payment of his debt, nor entitled to recover from cotenants for contribution.

3. Executors and Administrators—Estate Left by Father Held Not Chargeable with Burial Expenses of His Widow.—Where son as tenant in common of property left by deceased father supported mother in part from proceeds therefrom and paid her burial expenses, since estate of deceased husband was not liable therefor, it could not be a charge against the common property.

4. Limitation of Actions—Where cause of action upon assigned judgment accrued during lifetime of judgment creditor, it continued to run after his death.

5. Tenancy in Common—Defendant, Tenant in Common, Held Properly Charged with Rents Collected and Credited with Items of Maintenance.—Where sons inherited lands from father as tenants in common, subject to widow's life estate, court properly charged defendant son with rents collected after the widow's death, and credited him with proper items of maintenance.

6. Limitation of Actions—Where Contribution for Support of Widowed Mother was Sought, Limitations Pleaded by Residents Cannot be Invoked as to Nonresident Defendants, in Absence of Limitations Pleaded by Nonresidents.—In suit for partition of land and for accounting of rents and profits therefrom, where resident defendant sought contribution from plaintiffs and nonresident defendant and heirs for support of widowed mother, nonresident defendant and heirs cannot have statute of limitations pleaded by plaintiffs invoked for them, since it is personal and must be pleaded to be relied on.

7. Death—Proof Held Insufficient Under Common Law to Raise Presumption of Death.—Proof that son took up residence in Missouri 27 years past, that he corresponded with his mother until four or five years before her death, but did not write her thereafter, held insufficient to raise presumption of death under the common law.

8. Death.—Kentucky Statutes, section 1639, relating to presumption of death, does not apply to nonresident.

9. Limitation of Actions.—The statute of limitation is personal, and must be pleaded to be relied on.

10. Descent and Distribution—In Partition Suit, in which Contribution for Support of Mother was Sought, if Nonresident Defendant be Dead, His Lineal Heirs Proceeded Against by Constructive Service Occupy Same Relation to Suit as he, if Living.—In suit for partition and for accounting, in which resident defendant sought contribution for support of widowed mother, if nonresident defendant proceeded against by constructive service be dead, his lineal descendants, also proceeded against by constructive service, would occupy same relation to suit as he, if living, so as to warrant a judgment of contribution against his portion of estate.

ALBERT MORSE and JOHN G. MILLER for appellant.

J. ELLIOTT BAKER for appellees.

Opinion of the Court by Judge McCandless—Affirming in part, reversing in part.

Each of these consolidated actions has previously been before this court on questions of pleading. See Pool v. Pool, 182 Ky. 241; 183 Ky. 241; 189 Ky. 504. But there was no ruling in any of these cases affecting the merits of either.

W. H. Pool died in the year 1893, possessed of a house and lot in Princeton, worth not exceeding $1,000.00.

He was survived by his widow and four sons; one of these, Charles, had moved to Sedalia, Mo., and has never returned to Kentucky. Two others had married and moved to homes of their own; the father was an invalid for several years before his death, and a judgment for purchase money due on his home, together with an enforcement of the lien, had been rendered against him in the circuit court. At that juncture S. P. Pool, the fourth son, who was in business elsewhere, returned home, paid the balance of the judgment, amounting to $125.00, and took an assignment of it to himself; thereafter he engaged in business in Princeton and apparently looked after his parents. At his father's death he paid the funeral expenses and erected a monument to his memory, the bill amounting to $220.00. No assignment of dower or homestead was made, but thereafter the widow and S. P. occupied the residence until the year 1897, when he fixed up an apartment over his business house and they moved into it and lived there until the year 1904, when he moved to Paducah and later married. His mother stayed with him in Paducah for a short time but preferred to live in Princeton, and he arranged for her board with different relatives up to her death in the year 1914. During all of this time he paid her board, furnished her money for clothing, paid for her medicine and doctor's bills and cared for, so far as this record shows, in a most dutiful manner. After her death he furnished the coffin and paid her burial expenses. He also paid the taxes and insurance on the home residence and from time to time made numerous repairs on the property such as roofing, fencing, painting etc. He rented it, receiving from $10.00 to $12.00 per month for it, applying this to the purposes mentioned above. So far as the record shows none of the other brothers took the slightest interest in his parents or assisted them in a pecuniary way or otherwise. Indeed the plaintiffs both testify that they considered the meager rents from the home place sufficient, both for the maintenance of the property and for their mother's support. After his mother's death S. P. continued to rent the property until the year 1916, at which time the two resident brothers brought suit for sale of the property and division of the proceeds, the brother living in Missouri being proceeded against by constructive process. S. P. Pool answered this suit, setting up the facts above stated, itemizing the various claims and seeking contribution and a lien on the common property

for reimbursement. The court sustained plaintiffs' demurrer to so much of his answer and counterclaim as sought a recovery for improvements and taxes upon the property during the life of Mrs. W. H. Pool, on the theory that she was a life tenant, and also to the item seeking to charge the estate with the burial expenses of Mrs. W. H. Pool, on the theory that her husband's estate was not liable therefor. By reply the plaintiffs pleaded the statute of limitations against the assigned judgment, and the items charging the estate with the burial expenses and monument of W. H. Pool. The same plaintiffs subsequently filed a second suit in which they sought to recover of S. P. Pool the rents collected by him after the death of his mother, to which he filed an answer and counterclaim similar to that filed in the first suit. As to it the court made rulings similar to those in the first suit, except as to the expenditures made after his mother's death, such as taxes, insurance, etc.; this was allowed to him and all the rest of his claim dismissed, the two actions being consolidated and heard together. S. P. Pool appeals.

It is conceded by appellant that it is the duty of the life tenant to pay taxes and insurance and to maintain the property in a reasonably good condition, and that neither he nor anyone for him can charge the remainderman for improvements made upon the property. It is insisted, however, that no dower or homestead was ever assigned to Mrs. Pool and that it would be presumed that she took the property as a homestead; that she abandoned this in the year 1897 and never returned; that all of her sons owed her the duty of maintenance; that without any assistance from his brothers, but with their knowledge, acquiescence and implied agreement, S. P. Pool undertook this duty and used the proceeds of the common property as far as it would go in the discharge of that burden, paying the balance to himself; that upon abandonment of the property by the mother her right in the property ceased, and the entire estate vested in the sons as tenants in common and that it was thereafter maintained by S. P. Pool for the benefit of all the tenants who should ratably contribute thereto. It is further urged that the plaintiff, S. P. Pool, had a lien on the common property for the payment of his debt against which the statute of limitations did not run.

While ingenious this argument is not convincing. It is not clear that the mother intended to abandon the

homestead, but if it is assumed that such was a fact and that she had a dower interest only, this would result in giving a two-thirds interest in the sons as tenants in common, and the rent from this would far exceed the cost of maintenance of the property. No agreement to that effect is intimated, and considering the disposition of the elder brothers, it is not likely that they ever intended to do anything toward their mother's support. Unquestionably they acquiesced in S. P. Pool doing this, but we regretfully admit that we can find no principle of law which authorizes a recovery against them for contribution. Nor is the estate of the deceased husband liable for the burial expenses of his widow. Hence the court did not err in sustaining a demurrer to these claims.

It is charged in the reply and not denied that no execution issued on the assigned judgment; and as the cause of action upon that assignment accrued during the lifetime of W. H. Pool it continued to run and was barred long before this suit was filed. Also the charge for burial expenses and monument for W. H. Pool could have been enforced against the estate of the deceased and was long since barred, hence the court did not err in sustaining the statute of limitation to those pleas. The court treated Mrs. W. H. Pool as the owner of a life estate and charged no rents during her lifetime, but did charge S. P. Pool with the rents collected thereafter and credited him with the proper items of maintenance. In this he followed the legal rule.

By seasonable application S. P. Pool might have collected his judgment and the burial expenses of his father; perhaps he was too trusting in this respect, but the court cannot relieve him. His only recompense is the consciousness that as a dutiful son he cared for, nourished and protected his aged parents with filial devotion and after their death saw them properly interred and a suitable monument erected to their memory. Who can say that this reward is not more enduring than the pecuniary benefits obtained and retained by his brothers?

The above reasoning applies to the plaintiffs. It also applies to the nonresident defendants in all matters involved except as to the assigned judgment and claims for burial expenses and monuments of his father to which the statute of limitation was pleaded by plaintiffs and properly sustained by the court.

Charles Pool was proceeded against as a nonresident and is before the court by constructive process.

There is an alternative allegation in the petition that he left the state twenty-seven years past, and that it was not known whether he was living or had died leaving lineal descendants, his unknown heirs being made parties defendants and proceeded against in the same way. The proof shows that Charles Pool left the state and took up his residence in Sedalia, Mo. That he corresponded with his mother up until four or five years before her death, but did not write to her thereafter. Nothing further is shown and the court did not determine this question. Not being a resident of this state our statute, sec. 1639, relating to presumption of death does not apply, and the proof is insufficient under the common law to raise such presumption. He may still be living in Sedalia, or he may have removed therefrom and his whereabouts be known to residents of that place. If dead, leaving lineal descendants, they would occupy the same relation to this suit as he, if living. Ironton Fire Brick Co. v. Tucker, 26 Rep. 532. The statute of limitation cannot be invoked in favor of these parties. It is personal and must be pleaded to be relied on. Perhaps the nonresidents would not wish to make it, but at any rate no one else can make it for them. It follows that his portion of the estate should be made to contribute one-fourth of the amount of the assigned judgment with interest and one-fourth of the expense of the burial and monument of W. H. Pool.

Wherefore, to the extent indicated the judgment is reversed, and in all other respects it is affirmed.