## Goodloe v. City of Richmond et al.

June 2, 1939.

Carl Eversole and George T. Ross for appellant.

George C. Robbins, John Noland and S. S. Willis for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Dismissing appeal.

Mr. Goodloe undertakes an appeal from an order of the Madison circuit court striking an amended petition from the record. The case, in different form, has been before us prior to this time. Goodloe v. City of Richmond et al., 250 Ky. 608, 63 S. W. (2d) 785; Goodloe v. City of Richmond, 272 Ky. 100, 113 S. W. (2d) 834.

It is unnecessary to give a history of the litigation, or to undertake to state the complicated questions arising in the cases, and discussed by this court in the two opinions. Sufficient it is to say, that on the last appeal the judgment below was affirmed on Goodloe's appeal and reversed on the cross-appeal of the appellees.

In making the latter ruling we held that as to certain liabilities of the parties defendants, charged by appellant to be due to failure of the water company to supply water, and the ban imposed by the city on the use of water, which included its use at certain times in washing motor vehicles, were not recoverable on the injunction bond.

Another reason for reversal, as indicated in the last opinion, was a faulty instruction undertaking to fix the measures of damages for certain alleged injuries suffered by the appellant, as claimed in his petition seeking redress.

After the petition for rehearing of the last appeal was overruled, there issued out of this court its mandate, reciting affirmance on original and reversal on cross-appeal. This mandate directed a remand of the case "for proceedings consistent herewith."

After the mandate was filed, appellant filed in the

clerk's office, in vacation, amended pleading with notice, as appears from the record, to one of the appellees. Later appellees moved the court to strike the pleading from the record, solely on the ground that "the cause has been determined finally by the Court of Appeals, and plaintiff is no longer entitled to plead herein." This motion was sustained by the court, and Mr. Goodloe prayed and was granted an appeal from this order.

In argument by both parties, the "law of the case" is discussed at some length. However, under repeated rulings of this court, we cannot consider the question presented by briefs, nor can we entertain the appeal as presented, because of a lack of jurisdiction so to do.

Our jurisdiction is limited to the consideration of final orders and judgments. The rule with relation to such is "that a judgment to be final must not only decide that one of the parties is entitled to relief of final character, but must give that relief of its own force or be enforceable for that purpose without further action by the court." A final judgment or order from which an appeal lies, either terminates the action itself or operates to divest some right in such manner as to put it out of the power of the court making the order after the expiration of the term to place the parties in their original condition. Green River Fuel Company v. Sutton, 260 Ky. 288, 84 S. W. (2d) 79, and numerous cases cited.

A mere observation of the order entered, and from which appeal is undertaken, discloses that it is not an appealable order. It does not in the least measure up to the standard of a final judgment or order as defined in the cases mentioned supra. The court could, if it chose, even after the term at which it was entered, "place the parties in their original condition."

In Pool v. Pool et al., 182 Ky. 241, 206 S. W. 274, which went to rehearing, 183 Ky. 341, 209 S. W. 62, we held that the order of the trial court overruling defendant's motion to be allowed the filing of an amended answer, even though erroneous, could not be reviewed on appeal, and that no appeal could be prosecuted to this court until there had been a judgment in the lower court finally denying the relief sought in the rejected pleading. In Poor v. New South Brewery & Ice Company, 112 S W. 618, 33 Ky. Law Rep. 1088, we held that an order refusing permission to file an amended petition was not a final order, hence not appealable.

If an appeal from an order which is not final, or an interlocutory order be attempted, this court, since the question is one of jurisdiction, will dismiss the appeal on motion, or without motion. Farmers' Bank & Trust Company v. Stanley, 190 Ky. 762, 228 S. W. 691.

We find no escape from the conclusion that the order from which an effort is made to have this court review the lower court's order is not appealable.

Appeal dismissed.