## Goodloe v. City of Richmond et al.

May 14, 1940.

As Extended June 21, 1940.

W. J. Baxter, Judge.

Carl Eversole and George T. Ross for appellant.

George C. Robbins, John Noland and S. S. Willis for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming in part and reversing in part.

In the summer of 1930, very severe drouth con-

ditions prevailed in the city of Richmond and Madison county, Kentucky, causing an acute shortage of the city's public water supply.

The city, being apprehensive that a water famine might result from this threatened continued drouth condition, unless its water supply were conserved by precautionary restrictions imposed upon its use, on August 2, 1930, to such end, passed an ordinance, reciting that "due to the extended drouth and possibility of water famine in the city of Richmond, it' shall be unlawful for any persons, firm or corporation to use water, for sprinkling lawns, flowers, streets, washing automobiles or in any other manner not absolutely necessary in preserving health and sanitation in the home during the present dry period, and until this ordinance is repealed."

Mr. Goodloe, the appellant, was at this time the owner of a public garage, wherein he conducted a car washing business. Fnding this business threatened with a shut down, by reason of the water company's failure to furnish a sufficient supply of public water to meet the "domestic and commercial" needs of the city, as required by its contract with the city, and which failure in the water supply was further aggravated by the restrictive ordinance then passed by the city, altogether banning the use, during the drouth period, of public water for washing cars, Mr. Goodloe sought to avert the injury to and closing down of his garage business by constructing a subsurface water line from his well, located on a lot he owned, across two streets and the intervening lot of W. L. Arnold, abutting on both streets, to his public garage, through which to pump water to supply the needs of his car washing business there conducted.

On September 30, 1930, shortly following his starting work on the street excavations for laying his water line, the city of Richmond and the water and light company joined in a suit against him, seeking to enjoin him from making further excavations in the streets and from laying a pipe line across them and using it for transporting water from his well to his garage. Also, a mandatory injunction was asked, requiring him to remove from the streets such part of the pipe line as he had then constructed, on the ground alleged that the.

water and light company had the exclusive right to construct and operate water lines in the city. On the same day the petition was filed, a restraining order was issued by the circuit court clerk, conforming to the prayer of the petition.

On November 15 following, the pleadings having been made up, the court sustained the defendant's motion to dissolve the restraining order and refused to require defendant to remove his pipe line or to cease using it to convey water for his own use, so long as the existing emergency prevailed.

Thereupon Goodloe began using his pipe line, supplying his garage with water through it.

On November 22 following, the city directed a dismissal of the suit, so far as it was concerned.

On February 3, 1931, the suit was dismissed without prejudice.

Goodloe continued to use the pipe line until March 14, 1932, when the city severed it in the streets.

Goodloe thereupon filed suit against the city, it having at that time become the owner of the water plant, asking that the city be required to reconnect his severed line and that he be allowed damages for injuries to his property, for its trespass and for other alleged reasons.

The original suit brought by the city and the water company against him in September, 1930, as stated supra, was made a part of the record in this suit.

A demurrer to the petition was sustained and it was dismissed.

Upon appeal to this court, the judgment was reversed. Goodloe v. City of Richmond et al., 250 Ky. 608, 63 S. W. (2d) 785.

It was there held that under the allegations of the petition, with the presumption of law relative to the rights of the owner of property abutting upon a street, that Goodloe had shown a right to have his water line across the streets, so long as it did not interfere with the superior use of the streets by the city.

Upon a return of the case, issues were joined.

Thereafter, Goodloe instituted another suit against the city and water and light company, claiming additional damages, both in kind and amount, against them, in the modest sum of $287,748.69. One of the items, or grounds, upon which recovery of damages was sought was upon the bond of $1,000, which defendants had executed to secure the restraining order issued in their original suit.

In general, the claims he made for damages were as follows:

"For mental pain and anguish, humiliation and mortification, resulting from the wrongful conspiracy and act of the city and water company in cutting the pipe line, $5,000; for cost of repairing and damage to the line, $159.02; and for being deprived of its use, $250; for damages on the injunction bond, embracing items of lost profits and expense incurred in hauling water to his garage, and a fee to his attorney in defending that suit, amounting to $1,774.50; for the failure of the water company and the city to furnish an adequate water supply to the plaintiff's several buildings, particularly because of an ordinance which restricted the use of water during the severe drouth, $150,000; for water furnished the company for public consumption, $565.17; for breach of contract made with him whereby the water company agreed to take a supply of water for the public from plaintiff's well, $75,000."

The two cases were consolidated and plaintiff's motion for a trial of the issues out of chancery was sustained.

At the conclusion of the evidence, the defendants moved the court to withdraw four of the alleged causes of action presented in the second petition, on the ground that the allegations and the evidence did not furnish any legal basis for recovery. With certain exceptions, the court sustained the motion and struck them. Further, the court sustained the city's motion for a peremptory instruction as to all damages sought in the first of these two suits.

The trial court submitted to the jury, out of the many causes alleged, but two, which related to the dam-

ages sustained by reason of the injunction bond and the failure of the water company to furnish the plaintiff a supply of water for his public garage during the period the restraining order was in effect.

A verdict was returned for $1,000, upon which judgment was accordingly rendered.

Mr. Goodloe, complaining of his failure to recover the remainder of the damages sued for, amounting to some $286,000, prosecuted an appeal. Also, the defendants, city and water company, complaining of the judgment recovered against them of $1,000, sought its reversal by a cross-appeal.

Upon that appeal, after a thorough review of the whole record and a very comprehensive discussion of the many issues and questions presented in the consolidated action for damages, we concluded that the cost incurred by the appellant in hauling water to his garage was the only recoverable loss shown under the pleadings and evidence to have been sustained by him. So concluding, the court further said:

"We do not think there was any liability on the injunction bond. It was upon the failure of the water company to comply with its contract and the ban imposed by the city on the use of the water. It further seems to us that the measure of damages submitted to the jury was erroneous. *We think the proper measure of damage is the difference in the cost of conducting the water through the plaintiff's private pipe line and the cost of hauling it in the truck for the period involved.* However, there was no proof as to the cost of pumping the water through the pipe line. The court, having no evidence upon which to base a proper instruction, should have directed a verdict for the defendants on this claim also." (Italics ours.)

For such reasons, the court was constrained to affrm the judgment on the original appeal and reverse it on the cross-appeal. Goodloe v. City of Richmond, 272 Ky. 100, 113 S. W. (2d) 834, 837.

The reversal on cross-appeal was rested on the ground that there was no evidence upon which to base a proper instruction, fixing the measure of damages for

recoverable loss in hauling water, for which reason a peremptory instruction should have been given for the defendants.

After the petition for a rehearing of this decision, asking that "the case be reversed upon the original and cross-appeal with proper directions," was overruled, there was issued of this court a mandate, reciting "affirmance on original and reversal on cross-appeal" and directing a remand of the case "for proceedings consistent herewith."

Thereupon appellant again filed an amended pleading, setting out other and additional claims of damages.

Appellees then moved the court to strike the amended pleading from the record, on the ground that "the cause had been finally determined by this court and that plaintiff was no longer entitled to plead in the action."

This motion was sustained by the court and Mr. Goodloe prayed and was granted an appeal from that order.

Upon the presentation of this question to our court, there was considerable argument by both parties, submitted in briefs, as to whether or not the "law of the case rule," as laid down by the decision upon the previous appeal of the case, precluded appellant from filing amended pleadings, alleging new and additional claims for damages, which raised new issues, and upon which he sought to have a hearing upon the new trial.

We held in that, the third, appeal, that:

"Under repeated rulings of this court, we cannot consider the question presented by briefs, nor can we entertain the appeal as presented, because of a lack of jurisdiction so to do.

"Our jurisdiction is limited to the consideration of final orders and judgments. * * *

"A mere observation of the order entered, and from which appeal is undertaken, discloses that it is not an appealable order. It does not in the least measure up to the standard of a final judgment or order as defined in the cases mentioned supra."

Therefore, the appeal was ordered dismissed. Goodloe v. City of Richmond, 278 Ky. 794, 129 S. W. (2d) 563, 564.

Appellant, upon remand of the case, again obtained leave of the court to refile the amended pleadings which had been previously stricken, to which appellees objected and excepted. Appellees then filed a general demurrer, relying upon their interpretation and construction of the former decision as effecting a final determination of all triable issues in the case, and asked for a judgment on the general demurrer to the original petition and all amendments thereto, dismissing the petition. The court sustained that general demurrer and, upon appellant's declining to plead further, adjudged that both the original petition and all amendments thereto be dismissed.

The present or fourth appeal, prosecuted from that judgment or final order, properly presents the same questions as were unsuccessfully attempted to be presented by the former or third appeal, but which were there not considered or passed upon, as the appeal was dismissed as having been prematurely prosecuted from an interlocutory order.

The appellant, Mr. Goodloe, now complains of the lower court's action as erroneous in striking the amended petition from the record, thereby refusing to allow new and additional issues to be made up other than the one held upon the second appeal to present the only recoverable loss sustained, upon which plaintiff was entitled to go to the jury under proper instructions as to the measure of damages recoverable therefor.

On the other hand, appellees contend that the decision of the case made upon the second appeal (appearing of record in 272 Ky. 100, 113 S. W. (2d) 834) precludes, under the "law of the case rule," the appellant's right to have another or new trial before a jury on amended pleadings alleging new and additional grounds for damages and that the court below properly sustained their joint motion, treated by them as being in legal effect a demurrer, to strike such amendments from the record; also, that should this court be of the opinion that Goodloe is entitled to another jury trial, he should only have it as against the Richmond Light &

Water Co., he being so restricted under the "law of the case rule" as fixed by this court's former decision, sustaining the city's motion to have the petition and amended petition dismissed as against it, on the ground that the cause had been finally determined by this court and that plaintiff was no longer entitled to plead in the action as against the defendant city.

Looking now to a rightful disposition of these conflicting contentions as to what is the "law of the case" made by the decision given on the second appeal, it is first to be noted that the lower court, in the trial of the consolidated action, eliminated all the items of damage pleaded therein except those charging that appellant had sustained damages (1) by reason of the injunction bond and (2) by the failure of the water company to furnish appellant a sufficient supply of water, as per its contract, to meet the needs of his garage business.

Under the court's instructions, thus limiting the appellant's right of recovery of damages to such as might be awarded him upon these two triable issues alone, the jury, as stated supra, returned its verdict awarding him damages thereunder in the sum of $1,000.

Upon the appeal (to which we will hereinafter refer as the second appeal) prosecuted from that judgment, we held that the judgment was erroneous and would have to be reversed, upon the ground that the verdict on which it was based had been returned under an instruction which improperly permitted a recovery on the injunction bond, as to which we held no liability on the part of the appellees was shown by the record to exist, and that it was further improper, insofar as it allowed recovery of damages to appellant for the full amount of the cost the jury found he had sustained in hauling water from his well to his garage, as authorized by the instruction, which was faulty in fixing such measure of damage, rather than properly fixing the measure of damages as being the difference between the amount expended by appellant in hauling water to his garage during the period stated and the cost of transporting it thereto through his private pipe line. However, in this connection we further held that as the appellant had failed to develop this phase of his case by introducing evidence tending to show what had been the amount expended by him in conveying water through his pipe line

to his garage, the trial court could not give a proper instruction on the measure of damages.

However, while holding that appellant had in his petition alleged a good cause of action, entitling him to recover, under a proper instruction, upon this one water hauling claim alone, we there decided, because of the trial court's instruction being erroneous in the particular stated, that the judgment should be affrmed on the original and reversed on the crossappeal.

The cause was thereupon remanded for retrial consistent with the "law of the case" as declared by that decision.

Applying the "law of the case rule" to the questions here presented, it follows that the appellant, upon remand of his case, was entitled to a retrial upon the one and only issue declared upon the second appeal to present a recoverable loss and upon which he was entitled to go before the jury under proper instructions for an award of damages against the light and water company.

This court having declined to take jurisdiction of the case or to consider the questions attempted to be raised upon the third appeal, upon its dismissal and remand of the case to the lower court, there were again presented the same questions for determination upon a new trial as were directed by the court's opinion rendered upon the second appeal, which were as stated supra.

We conclude that the "law of the case" was clearly declared upon the second appeal, wherein it was decided that the record showed plaintiff to have sustained only one recoverable loss, for which he was entitled to damages, which was the expense incurred by him in hauling water to his garage, rendered necessary through the water and light company's failure to perform its contract to furnish him and all other citizens the water required for their needs; however, that the verdict returned in favor of the plaintiff on this issue would have to be reversed, because of its submission under an instruction which was improper, in that it failed to instruct the jury as to the proper measure of damages to be applied in making its award; also, that the court

erred in submitting, as a triable issue, the question of damages charged to have been sustained by reason of the injunction bond executed the appellees, where it developed that the city was the fee owner of the streets, from which it followed that Goodloe had no right to lay his pipe line across the streets, and therefore that the restraining order had been properly issued to the city and that being entitled thereto, it had incurred no liability upon its injunction bond, executed for its issuance.

Such being found to be the law of the case, the court directed the case remanded for retrial upon the one issue as to the amount of plaintiff's recoverable water hauling loss when submitted under an instruction fixing the proper measure of damages to be applied in determining the net amount of damage plaintiff had sustained.

Upon the return of the case, the trial court, we are of the opinion, improperly allowed plaintiff to file an amended petition, setting out new and additional grounds of loss. However, the court sustained the demurrers jointly filed by the city and water and light company to both the original petition and petition as amended. Plaintiff thereupon declined to plead further and his petitions were dismissed.

We are of the opinion that such ruling of the court was improper, insofar as it related to the plaintiff's right of action as against the light and water company, as to which it was decided upon the second appeal that the plaintiff had a right of recovery of damages upon the one triable issue stated, for breach of its contract duty owing him to furnish him with water, but that it was proper in dismissing the petition as against the city.

Upon this point, we said on the second appeal that:

"No question is raised as to the duty of the water company to a citizen under the contract. * * *

"No effort was made to prove any loss or inconvenience by the plaintiff from the restrictions on the use of water except the ban on washing automobiles. It was necessary, he testified, to have water for that purpose under a contract with his tenant and partner to furnish it. The cost of hauling water to his garage was the only recoverable

loss he sustained. As to this, we do not think there was any liability on the injunction bond. It was upon the failure of the water company to comply with its contract and the ban imposed by the city on the use of the water."

Clearly we conceive this language could only be construed as meaning that the city being neither severally nor jointly liable with the water and light company upon the injunction bond executed by it, where shown it was entitled thereto, and further it appearing that the city had done all within its power, in filing suit against the water company, to compel it to furnish a greater supply of water to its citizens and to increase its facilities therefor and in impounding considerable sums of money owing to the company, in order to protect the city, and in requiring the company to procure and bring into the city a large quantity of water from the Hangar Lakes and, when it was practically exhausted, requiring it to bring in a large number of tank cars of water from the Kentucky River, it could not be regarded to have been remiss or negligent in failing to protect the right of its citizens to be furnished a sufficiency of water during this severe drouth period.

Also, it is further stated in the opinion that:

"No effort was made to prove any loss or inconvenience by the plaintiff from the restrictions on the use of water except the ban on washing automobiles."

Clearly this ban placed by the city, under its ordinance, upon the use of public water by its citizens for washing cars, sprinkling lawns or for other domestic uses during the drouth period only, was not ordained for the benefit of the water company, but was a sane and judicious use of its police power for the purpose of preserving sanitary conditions in the city and safeguarding its public health and welfare.

Such being the nature of the ban imposed by the ordinance upon what was deemed the improper and improvident use of the public water, thereby protecting the public health and the welfare of the citizens, certainly it was not intended nor implied that the city, because of such timely exercise of its police power, thereby became liable to such of its citizens as might have

been inconvenienced or obstructed in the prosecution of their businesses requiring use of the public water in large quantities for purposes prohibited by the ordinance.

Such being clearly the law of the case declared in the opinion as to the city, we conclude the trial court's judgment in sustaining the city's demurrer to the petition and its amendments, or in holding that they were insufficient as setting out a good and valid cause of action against the city, was both proper and conclusive in its holding that the city was neither jointly nor severally liable by reason of the matters and facts set out and complained of in the petition, and therefore that any further proceeding had by the plaintiff, seeking recovery of damages based entirely upon the water and light company's breach of its contracted duty to furnish him a sufficiency of water should be confined to it alone.

Therefore, for the reasons indicated above, we conclude that appellant is entitled to prosecute a new trial of his case before a jury only against the appellee light and water company, upon the one issue upon which the case was remanded for a new trial against it upon the second appeal, and to such extent the trial court's judgment in dismissing the action as to it is reversed, but it is affirmed to the extent it sustained the city's demurrer to the amended petition.

The cause is therefore to such extent only affirmed on the original and reversed on the cross appeal, and the case is remanded for proceedings consistent with this opinion.