## City of Richmond v. Goodloe.

November 19, 1948.

George C. Robbins for appellant.

Carl Eversole for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an aftermath of extensive litigation between George W. Goodloe on one side and the City of Rich-

mond and the Richmond Water & Light Company on the other. The history of the litigation may be found in the opinions of this court in the cases of Goodloe v. City of Richmond, 250 Ky. 608, 63 S. W. 2d 785; Goodloe v. City of Richmond, 272 Ky. 100, 113 S. W. 2d 834; Goodloe v. City of Richmond, 278 Ky. 794, 129 S. W. 2d 563; and Goodloe v. City of Richmond, 283 Ky. 633, 142 S. W. 2d 155. The litigation began during the extended and extraordinary drought of 1930, when the water supply of the City of Richmond failed and George W. Goodloe started the construction of a water line from a well located on a lot owned by him across two streets and an intervening lot to a public garage on his property. The City and the Water Company brought an action to enjoin him from making excavations in the streets and from laying a pipe across them and later Goodloe brought an action against the Water Company for damages in a large amount. The City was made a defendant in that action. Late in 1931 or early in 1932 a sale of the property of the Richmond Water & Light Company to the City of Richmond was consummated, and revenue bonds in the amount of $350,000 were issued by the City to pay for the property. On December 30, 1931, $14,000 of these bonds were placed in escrow with Chapman & Cutler, a law firm of Chicago, Illinois, to guarantee the payment of certain claims against the Richmond Water & Light Company. The claims amounted to slightly less than $7,000, and most of them were being litigated at the time. The escrow agreement provided: "There are deposited with you herewith in escrow Water Works (Revenue) Bonds dated December 15, 1931, of the City of Richmond, Madison County, Kentucky, in the total principal amount of Fourteen Thousand Dollars ($14,000) * * * to be retained and held by you for disposition and as security for the payment of claims or alleged claims against Richmond Water & Light Company, itemized as follows".

Among the items listed were:

"$75.00 by G. W. Goodloe, as representing the share to be borne by the Richmond Water & Light Company of the costs of a suit lately pending in Madison County, Kentucky, Circuit Court.

"$750.00, more or less, representing the claim of

G. W. Goodloe growing out of an alleged sale to Richmond Water & Light Company of an electric motor and pump.''

The writing contained these provisions: ''Any proceeds in cash or any bonds remaining after satisfying all of the claims hereinbefore enumerated are to be delivered on written demand to Utilities Purchasing Corporation, the post office address of which is Springfield, Kentucky.

And: ''Anything in the foregoing indicating to the contrary notwithstanding, Utilities Purchasing Corporation shall be entitled, on demand, to the delivery of bonds from under this escrow from time to time as and when the several claims hereinbefore mentioned are discharged and evidence of such discharge furnished you prior to the latest dates fixed for such discharge, provided always that the principal amount of bonds remaining in said escrow shall be equal to at least twice the amount of the undischarged claims as hereinbefore set forth.''

It was held in the various appeals to this court that the City of Richmond was not liable to Goodloe in any amount, and that he had a cause of action against the Richmond Water & Light Company only as to certain items set out in his pleadings. On June 10, 1939, the mayor of Richmond delivered to Chapman & Cutler of Chicago, Illinois, the following writing signed by him: ''The claims of G. W. Goodloe against the Richmond Water & Light Company, and City of Richmond referred to in a certain instrument dated December 30th, 1931, and signed by Utilities Purchasing Corporation by E. S. Mayes, have been disposed of in favor of the said City and said Water Company, and any of said bonds remaining in your possession may now be released and delivered to Mr. E. S. Mayes, or his order.''

The claims against the City had been disposed of in its favor at the time, but the claims against the Richmond Water & Light Company were still in litigation. The opinion on the last appeal to this court was rendered May 14, 1940, and upon a return of the case a jury trial was had which resulted in a verdict in favor of George W. Goodloe against the Richmond Water & Light Company for $700 and the costs theretofore incurred by

Goodloe in the litigation. An execution was issued which was returned by the sheriff with the endorsement "No property found." Goodloe then brought this action against the City of Richmond to recover a judgment in the amount of the judgment he had obtained against the Richmond Water & Light Company. He alleged in his petition that by agreement of the City, the Richmond Water & Light Company and the latter's creditors, including the plaintiff, sufficient sums of money or securities, being part of the purchase price of the Water Company's property, were placed in trust and impounded by the City for its protection and for the protection of the creditors of the Richmond Water & Light Company, and that prior to the determination of the amount of plaintiff's claim the City violated the trust agreement by releasing the funds in its hands with the result that the plaintiff had been unable to collect his judgment against the Richmond Water & Light Company. The City, in its answer, alleged that when it purchased the property of the Richmond Water & Light Company $2,000 of the purchase price was placed in escrow for the payment of any sum that might be adjudged against it in an action then pending in which George W. Goodloe was asserting a claim of about $750, and that it was agreed that if the City of Richmond was "compelled to pay George W. Goodloe any sum of money that said sum would be deducted from the $2,000 and the balance paid to the Richmond Water & Light Company or if it was determined that George W. Goodloe had no claim against the City of Richmond that all the Two Thousand Dollars should be paid to the Richmond Water & Light Company." It was further alleged that the agreement was made solely for the protection of the City and not for the benefit of George W. Goodloe or other creditors of the Richmond Water & Light Company, and that Goodloe was not a party to the agreement. The affirmative allegations of the answer were controverted of record, and proof was heard. Upon submission of the case judgment was rendered against the City for the full amount asked for in plaintiff's petition.

The record shows that several claims were being asserted against the Richmond Water & Light Company at the time the sale of its property to the City was consummated, and that some of these claims, including

Goodloe's, were in litigation. The City, in order to protect itself as the purchaser of the property and also to protect the claimants, withheld $14,000 of the purchase price by agreement with the seller and placed bonds in that amount in the hands of Chapman & Cutler of Chicago, with the understanding that proceeds of the bonds should be used to pay the claims when their amounts were determined, and that the balance should be paid to the seller. The record shows that this agreement was made with the knowledge and consent of the creditors of the Richmond Water & Light Company. The appellee, Goodloe, had the right to rely on this agreement and to assume that the impounded fund would not be released until the amount of his claim had been determined and paid. The City seems to have proceeded upon the theory that the fund withheld was to be used solely to protect it from any liability on the claims being asserted against it, and that when the courts finally determined the City was not liable it was free to release the impounded fund, but the agreement provided that the bonds deposited in escrow with Chapman & Cutler were to be held "as security for the payment of claims or alleged claims against the Richmond Water & Light Company." The appellee, George W. Goodloe, was listed as one of the claimants, and the City required the Richmond Water & Light Company to permit it to withhold a part of the purchase price to take care of his claim against the Company. This arrangement was made with the knowledge and consent of appellee, and was for his benefit as well as for the protection of the City. The fund was wrongfully released at a time when appellee's claim against the Richmond Water & Light Company was pending in the courts, and the appellee was thus deprived of the security for the payment of any judgment he might obtain.

The circuit court correctly adjudged that the City was liable to appellee for the amount of the judgment obtained by him against the Richmond Water & Light Company, and the judgment is affirmed.